■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE JAMES CONDON, Appellant.— Judgment of the County Court, Nassau County, rendered April 7, 1967, which convicted defendant of robbery in the first degree, grand larceny in the first degree, two counts of assault in the second degree, and possession of a loaded firearm, upon a jury verdict, reversed, on the law and the facts, and new trial ordered. The People introduced evidence of a crime committed by defendant other than the crime charged in the indictment. The justification urged for the introduction of evidence of this crime was that it came within the "identity" exception, as enunciated in *People* v. *Molineux* (168 N. Y. 264), to the general rule that the People cannot prove against a defendant any crime not alleged in the indictment. That exception is not available where the identity of defendant is established by other evidence and is not truly in issue (29 Am. Jur. 2d, Evidence, § 322, p. 373). At bar the positive identification of defendant by the victim during the course of the trial in the absence of a defense which raises a genuine issue as to defendant's identity precluded the People from attempting to establish identity by proving the commission of other crimes. Were we to hold otherwise, the fundamental rule that evidence of one crime is inadmissible to prove the disposition or inclination of the defendant to commit crime would be severely undercut. Brennan, Rabin and Martuscello, JJ., concur; Christ, Acting P. J., and Munder, J., dissent and vote to affirm the judgment, with the following memorandum: In our opinion, identity was an issue in the case. Proof of the other crime was properly admitted because the evidence came within the exception stated in *People* v. *Molineux* (168 N. Y. 264).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID JACKSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 19, 1967, after a trial, which convicted him of robbery in the second degree, grand larceny in the first degree and two counts of assault in the second degree, upon a jury verdict, and imposed sentence. The action is herewith remitted to the Supreme Court, Kings County, for the purposes stated herein; and in the interim this appeal is held in abeyance. In our opinion, the statements of the assigned trial counsel, the transcript of the proceedings below, the psychiatric reports and the probation report raise questions as to defendant's capability of understanding the charge and of making his defense. Therefore, in the interests of justice, a hearing is mandated to determine such capability. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.