■ RICHARD D. ROSE, an Infant, by His Parent CHARLES F. ROSE, et al., Appellants, v PACKAGE MACHINERY COMPANY et al., Respondents. (And Two Other Actions.)—Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiffs, residents of Monroe County, seek to recover damages sustained in an industrial accident which occurred in 1965, alleging it to have been caused by a defective electrical switch manufactured by defendant Square D. Company. On April 13, 1971 at Rochester, New York, pursuant to an order of Special Term, discovery and inspection of the switch has been had by all parties in the presence of their expert engineering representatives. X rays were taken of the switch. On June 8, 1972 plaintiffs served and filed a required statement of readiness. Now 33 months later defendant Square D Company moves for a second discovery and inspection of the switch to be produced at Asheville, North Carolina. Since no motion was made within the 20-day period following the filing of the note of issue and the statement of readiness, the right to conduct further pretrial procedures was waived *(Warren v Vick Chem. Co.,* 37 AD2d 913). (Appeal from order of Monroe Special Term granting motion for discovery.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ KEVIN SHANKS, an Infant, by JOHN SHANKS, His Father and Natural Guardian, et al., Respondents, v EASTMAN KODAK COMPANY, Defendant. KEVIN W. SHANKS, an Infant, by JOHN SHANKS, et al., Respondents, v DIENER KNITTING MILL Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant Diener Knitting Mill's motion for summary judgment of dismissal of the complaint as against it was properly denied because defendant was possessed of the facts involved, and plaintiff had not had opportunity to ascertain them by examination before trial. In view of the record, plaintiff should proceed promptly to complete its discovery procedures. (Appeal from order of Erie Special Term in negligence action.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALLEN et al., Appellants.—Motions for summary reversal denied without prejudice to renew upon proper papers. Memorandum: In considering the applications for summary reversal of the convictions we find that additional information is necessary. The parties should furnish the court the following additional facts in each case: the date of the indictment, the length of the trial or the date of the plea, when defendant was sentenced, when the notice of appeal was filed, the date when defendant's attorney requested the minutes of the trial, whether defendant is out on bail, probation or parole, or is serving his sentence, together with the state of completion of the transcript and the reasons why the full and complete transcript of the proceeding is not available.