## (September 19, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PHILIP CANDELLA, Appellant.—Judgment unanimously reversed, plea vacated and matter remitted to County Court, Herkimer County, for a hearing pursuant to CPL 730.30 in accordance with the following memorandum: To the charge of burglary and attempted rape, first degree, defendant pleaded guilty of attempted rape, first degree, and was sentenced to an indeterminate term not to exceed 10 years at Attica. Before the guilty plea the court appointed two psychiatrists to examine defendant and report on his ability to participate in his trial, and it appears that on the same day of those appointments the psychiatrists signed a form report that "defendant does not as a result of mental disease or defect lack capacity to understand the proceedings against him or to assist in his defense" and that the "defendant (is) (is not) a dangerous incapacitated person". No explanation of the

examination or of the findings was made in the report. The record discloses that defendant's assigned counsel and the District Attorney knew of defendant's physical and mental limitations, and the presentence report fully apprised the court thereof. Nevertheless, neither counsel nor the court undertook to conduct a hearing to ascertain the extent of the mental examination made of defendant and his ability to participate in his trial, as provided by statute (CPL 730.20, subd 2). The defendant's conduct and lifelong history of mental limitation, which included confinement for several years in mental institutions, and the sparse record herein present questions as to his capability of understanding the charge against him and of participating in his defense. In the interest of justice a hearing is mandated to determine such capability (see *People v Jackson,* 30 AD2d 845). After such hearing, if defendant is found capable of understanding the charge and of assisting in his defense, he should be permitted to replead. (Appeal from judgment of Herkimer County Court, convicting defendant of attempted rape, first degree.) Present.—Marsh, P. J., Mahoney, Goldman, Del Vecchio and Witmer, JJ.