■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD GREENWOOD, Appellant.—Judgment unanimously reversed, plea vacated and matter remitted to Onondaga County Court for a hearing in accordance with the following memorandum: The defendant was indicted in January, 1971 and charged with sodomy in the first degree and sexual abuse in the first degree. On July 19, 1971 he pled guilty to sexual abuse in the first degree, thereafter being sentenced to an indeterminate term with a maximum of seven years. The defendant was granted credit for 351 days while in custody awaiting disposition of this charge. The minutes of the sentencing court were filed with the Onondaga County Clerk on April 19, 1976, approximately five years after the sentencing in 1971. The plea minutes indicate that a two-page report from the F.B.I. was handed to the Judge but was not made part of the trial record. Defense counsel offered a letter from a mental institution together with a psychiatrist's report which were received by the court but not made part of the record. The court indicated that it had received other medical reports relative to the defendant. Prior to

sentencing defense counsel stated, "There is considerable question as to whether the defendant was insane at the time of the commission of the crime pursuant to 30.05 of the Penal Law of the State of New York". Notwithstanding the foregoing references to the sanity of the defendant, neither the District Attorney, the defense counsel nor the court raised the issue of defendant's mental ability knowingly to enter a plea of guilty. Under date of March 18, 1975 the defendant moved for reversal of his conviction on the ground that his right to appeal had been negated because a complete trial transcript was unavailable. The motion was denied with leave to renew on proper papers (People v Allen, 47 AD2d 999). Nowhere in the record do we find that defendant was afforded the right of allocution. In pronouncing sentence the court directed that the psychiatric reports be forwarded to the Attica Correctional Facility together with the rest of the record. In Pate v Robinson (383 US 375, 378) the Supreme Court held, "that the conviction of an accused person while he is legally incompetent violates due process * * * and that state procedures must be adequate to protect this right." An incompetent person cannot waive his right relative to his capacity to stand trial. As stated by the Court of Appeals in People v Armlin (37 NY2d 167, 172): "We agree that there is an inherent contradiction in arguing that a defendant may be incompetent, and yet knowingly or intelligently waive his right to have a court determine his capacity to stand trial in accordance with the Criminal Procedure Law (43 AD2d 782, 784; see Pate v Robinson, 383 US 375, 384). Moreover, this court has previously taken cognizance of the principles enunciated in Pate v Robinson (supra) and has held that the issue of competency to stand trial may be raised on appeal despite the absence of any objection to the trial court's failure to cause the defendant to be examined (People v Bangert, 22 NY2d 799, supra; People v Gonzalez, 20 NY2d 289 * * *)". Defendant's history both on the record and many documents which are not part of the record certainly bring this case within the purview of People v Bangert (22 NY2d 799, 800) where the Court of Appeals stated: "Defendant's history of mental illness, as indicated by the presentence report, was such that the sentencing court was bound to make some inquiry into defendant's mental condition at the time of sentencing, whether or not counsel raised the issue." (Citations omitted.) The record clearly reveals a history of mental retardation, several incidents of hospitalization at a State hospital, one psychiatrist's report that he was not "criminally responsible", defense counsel's statement relative to the question of sanity (despite his failure to make any motion), and the sentencing court's statement that, "I think it is important for psychiatric evaluation of Mr. Greenwood at the prison that they have the accompanying papers [the three psychiatrist's reports]." The paucity of the record, the absence in the record of documents which should be before this court and the history of mental illness all combine to convince us that in the interest of justice a hearing is mandated to determine his capability of entering an intelligent plea of guilty (see People v Candella, 49 AD2d 800; People v Jackson, 30 AD2d 845). We have examined the other contentions raised by the defendant and find them to be without merit. (Appeal from judgment of Onondaga County Court—sexual abuse, first degree.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.