THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McDOUGLE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 21, 1977, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and case remitted to the County Court for further proceedings consistent herewith. In a seven-count indictment, defendant was charged, *inter alia,* with four counts of robbery in the first degree. On June 22, 1977 he appeared before the County Court and offered to withdraw his not guilty plea and to plead guilty to the second count charging him with robbery in the first degree in full satisfaction of all counts in the indictment. The following colloquy took place between the court and defendant: "Q. [THE COURT] * * * Tell me in your own words what happened on December 18th, 1976 in Gus's Pizza? Were you there? A. Yeah, well,—yeah. Q. With Walter Johnson and Thomas Smith? A. I'm not mentioning their names. I was there. Q. Were you armed with an automatic pistol? A. *No. I'm guilty of the crime, sir.* Q. Did you intend to commit a crime while you were in there? A. *No, sir.* Q. Did you change your mind after you got in? A. Yes, sir. Q. Are you guilty of robbery in the first degree? A. Yes, I am. Q. Is there anything you don't understand? A. No, I understand. It's quite understandable. Q. That was in Nassau County? A. Yes, sir" (emphasis supplied). Subsequently the court permitted defendant to withdraw the guilty plea. However, on September 20, 1977 the defendant, appearing by another attorney, again indicated he wished to plead guilty to the second count charging robbery in the first degree. As a result another colloquy took place between defendant and the court, to wit: "Q. [THE COURT] Boiling all this down to one, it's one incident, only things happened with all these counts, that is on December 18, 1976, you and Johnson forcibly stole property from Sakellarios and Winter while armed with a pistol, is that correct? THE DEFENDANT: I did it, yeah. I did it. I don't know about Walter Johnson. I did it. THE COURT: You intended to do that? THE DEFENDANT: *No.* BY THE COURT: Q. When it happened did you know what you were doing? A. *No.* Q. Are you guilty of robbery in the first degree? A. Yeah, yeah, I'm guilty. Q. Is there anything you don't understand? A. Yeah, I understand everything" (emphasis supplied). After that colloquy the court, as it did on June 22, accepted the plea with the statement, *inter alia,* that it was satisfied that defendant understood the nature of the charges and the possible consequence of the plea, and that it was taken voluntarily. In our opinion, the court erred in accepting the plea under these circumstances. Although the defendant did say on September 20 that he was guilty of the crime of first degree robbery, his responses indicating he did not intend to commit the crime of robbery and did not know what he was doing, were patently inconsistent with the charge to which he was pleading. It is well established that before accepting a plea of guilty, the court should inquire of the defendant as to the circumstances and details of the crime to which he

is admitting his guilt. The mere mouthing of the word "guilty" may not be relied upon to establish all the elements of the crime. The requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then the court should not proceed, without further inquiry, to accept the guilty plea as a valid one. Of course, once advised that his version of the crime is not consistent with the charge to which he is pleading, a defendant might still wish to plead guilty to avoid the risk of conviction upon a trial of the more serious crimes charged in the indictment, and such a plea could be accepted by the court. The fact remains, however, that, before accepting a plea of guilty where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing *(People v Cullen,* 57 AD2d 903, 904; *People v Stone,* 54 AD2d 918, 919). It should also be noted that on June 22 the court likewise failed to make further inquiry when defendant made responses which indicated that essential elements of the crime of robbery were lacking in his version of the occurrence. Thus, on September 20 such inadequacy of June 22 was not only not rectified but was compounded. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.