THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO QUILES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 18, 1977, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Case remanded to Criminal Term for further proceedings consistent herewith, and appeal held in abeyance in the interim. In a six count indictment, defendant was charged, *inter alia,* with one count of robbery in the first degree. On March 8, 1977, he pleaded guilty to the crime of robbery in the first degree in full satisfaction of all the counts in the indictment. The trial court enumerated the facts underlying the crime charged and defendant admitted that he had been the perpetrator. Prior to sentencing, however, defendant, afforded an opportunity to make a statement on his own behalf, declared: "Yes. I was drunk at the time. I didn't know what I was doing. I was laid off for about eight months. At the time I got busted I just was back to work three weeks. My family and I were very poor. We are trying to make it but we just couldn't make it. You understand, and just this was on my mind at the time I was drunk." Defendant was then sentenced according to the court's previous promise. In our opinion, the court erred in imposing sentence without conducting further inquiry to assure that the defendant was aware of what he was doing at the time of the crime. Although the defendant, at plea, freely admitted facts sufficient to constitute robbery in the first degree, his assertions at sentencing indicated the possibility that the degree of intoxication at the time of the crime had negated his intent. It is well settled that where the defendant's assertions conflict with the crime pleaded to or raise the possibility of a defense, the trial court is obligated to conduct further inquiry *(People v McDougle,* 67 AD2d 989; *People v Corrado,* 65 AD2d 760). Under the circumstances, additional inquiry should have been made to clarify whether defendant was asserting that his intoxication had been at such a level as to negate intent, and if so, whether he knowingly waived this potential defense (see *People v Corrado, supra; People v Serrano,* 15 NY2d 304). Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.