■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE BRADT, Appellant.—Judgment unanimously reversed, plea vacated and matter remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Following a fire at 105 Taylor Street in the City of Syracuse on October 22, 1978, defendant voluntarily appeared at the Hutchings Psychiatric Center where shortly thereafter he was placed under arrest for arson in the second degree. Upon arraignment in Syracuse City Court, it was ordered that he be examined by two psychiatrists pursuant to CPL article 730. Each doctor conducted a 40-minute interview with defendant and thereafter each signed a prepared form report which stated that defendant did not then "as a result of mental disease or defect lack capacity to understand the proceedings against him or to assist in his defense." Neither report contained any further explanation of the conduct of the examination or of the findings (see *People v Candella,* 49 AD2d 800). Defendant was indicted for arson in the third degree on December 28, 1978 and, without further psychiatric examination or a hearing to determine his capacity, he entered a plea of guilty on January 10, 1979 to a reduced charge of arson in the fourth degree. On appeal, defendant urges that the court should not have taken his guilty plea in the absence of a capacity hearing conducted pursuant to CPL 730.30 (subd 2). We agree. One week prior to the entry of defendant's guilty plea, he had pleaded not guilty and had filed notice of an insanity defense. The District Attorney justified his recommendation for the reduced plea on the basis that defendant's long history of treatment for mental illness raised a question "as to the ability of the defendant to perform the requisite intent required to prove the charge in the indictment". The court also expressed concern about defendant's mental condition. In accepting defendant's plea, the Judge stated that he had spoken with three named people who were active in the mental health field and who were familiar with defendant's case, and that as a result of those conversations he "was satisfied * * * [that defendant] operates at a functional level * * * understands what he's doing and is capable of entering a plea in this particular proceeding." Defendant was 24 years old when the plea was entered. From age 5 to age 18 he was resident in the Rome State School for the Mentally Retarded. Shortly after leaving that facility he was arrested in Oswego County on arson and criminal mischief charges. In 1973 he was acquitted of those charges on the basis of mental disease or defect and was committed to the custody of the Commissioner of Mental Health. From that time until one week before the date of this offense, defendant was continuously institutionalized at various facilities, including Marcy State Hospital, Mid-Hudson Psychiatric Center, Hutchings Psychiatric Center and Syracuse Developmental Center. While the record reflects that the court was meticulous in questioning defendant as to his awareness of the proceedings and the voluntariness of the guilty plea, the other foregoing circumstances convince us that in the interest of justice a hearing is mandated to determine defendant's capability of entering an intelligent plea of guilty (see *People v Greenwood,* 54 AD2d 1123; *People v Candella, supra; People v Jackson,* 30 AD2d 845). If defendant is found capable of understanding the charge and of assisting in his defense, he should be permitted to replead. (Appeal from judgment of Onondaga County Court—arson, fourth degree.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.