■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VALENTE, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Richmond County, both rendered November 20, 1978, each convicting him of burglary in the third degree, upon his pleas of guilty, and imposing sentences. Judgments reversed, on the law, pleas vacated and case remitted to Criminal Term for further proceedings consistent herewith. The defendant was charged in two indictments, *inter alia,* with burglary in the second degree. He pleaded guilty to the lesser included offense of burglary in the third degree in full satisfaction of each indictment. The trial court enumerated the facts underlying the charges and the defendant admitted that he had been the perpetrator. Prior to sentencing, however, the defendant read a prepared statement suggesting that he had no recollection of the crimes and that he had been under the influence of alcohol and valium during the time of their commission. In our opinion the court should not have proceeded to impose sentence without conducting a further inquiry to establish that the defendant was aware of what he was doing at the time of the crimes. Although, at plea, the defendant admitted facts sufficient to constitute burglary in the third degree, his assertions at sentencing raised the possibility that at the time of the crimes he had been intoxicated to such an extent as to negate the intent necessary for the commission of the crime. Under the circumstances, additional inquiry should have been made to determine whether the defendant was asserting that his intent had in fact been negated by intoxication, and if so, whether he was knowingly waiving that potential defense. (See *People v Quiles,* 72 AD2d 610; *People v McDougle,* 67 AD2d 989; *People v Corrado,* 65 AD2d 760.) Titone, J. P., Gibbons and Gulotta, JJ., concur.

Martuscello, J., dissents and votes to affirm the judgments, with the following memorandum: The majority concludes that defendant's statement at sentencing indicating that he had been under the influence of alcohol and valium at the time of commission of the crimes mandated further inquiry as to whether he had the necessary intent for the commission of the crime of burglary in the third degree. In my view careful examination of all that occurred from the time of defendant's guilty plea to the time of the imposition of sentence shows that Criminal Term was fully justified in failing to conduct any inquiry regarding defendant's intent to commit burglary in the third degree. The record indicates that defendant had repeatedly raised objections to the proceeding. Ultimately, defendant withdrew the objections himself. These objections, as well as defendant's statement at sentencing about the influence of alcohol and valium, were part of a continued and skillful attempt by defendant to serve his sentence in New Jersey as he desired and to minimize it as much as possible. To the extent that the majority is awarding defendant further and unwarranted judicial

review his tactics have of course succeeded.[1] Two indictments were returned against defendant relating to separate criminal incidents. On May 17, 1978 defendant offered to plead guilty to burglary in the third degree in satisfaction of each indictment. During the plea allocution that followed defendant was asked in regard to each criminal incident whether he had intent to commit a crime. In each case he responded affirmatively. After the pleas were accepted the court set sentencing for July 11, 1978. When the court reconvened on July 11, 1978 defendant's attorney stated that he had received a letter from the defendant asking that his guilty pleas be withdrawn. After some discussion the court adjourned the matter to September 14, 1978 for a hearing on defendant's request to withdraw his plea. On September 14, 1978 defendant appeared. His attorney informed the court that he had received a letter asking him to withdraw as counsel. The court ordered that a new attorney be appointed and the case was adjourned. Thereafter defendant's newly appointed lawyer submitted a written motion for an order granting the defendant leave to withdraw his guilty pleas on the ground that he had not been adequately represented by his prior counsel. Among the grounds raised by defendant in support of the motion was that after entering the guilty pleas he became aware that he had a viable defense against the charges and that if he had been given proper counseling by his previous counsel he would not have taken the pleas. On October 17, 1978, three days before the motion's return date, the defendant appeared in court. The Judge was aware of the motion to withdraw the pleas and offered to entertain it then and there. The defendant hesitated, however, revealing that his true concern was with a pending New Jersey case. He disclosed that he was about to be sentenced in New Jersey and strongly desired to serve his time in that State. After some discussion about what would happen after imposition of sentence the defendant offered to withdraw his motion and submit to sentencing. The *court, however,* refused the offer and stated: "I want a hearing. This will just come back". The matter was then adjourned to October 20, 1978. On that date, the defendant again expressed his desire not to pursue his motion to withdraw his guilty pleas. The court finally allowed defendant to withdraw his motion but first offered to allow defendant to take back his pleas. Defendant was then adjudged a second felony offender and the case was adjourned for sentencing to November 20, 1978. On said date defendant appeared in court and *indicated that he wished to read a prepared statement before sentencing.* After telling the court that he had "discussed these facts with both attorneys assigned" to him defendant told the court that at the time of commission of both criminal incidents involved in the case at bar he had been under the influence of valium and alcohol. Defendant concluded his statement and the court imposed sentence. The majority believes that defendant's statement warranted further inquiry. In my view after defendant's numerous earlier maneuvers Criminal Term hardly was required to again question defendant about his intent to commit the crimes which he had specifically admitted on May 17, 1978. The majority's reliance on *People v Quiles* (72 AD2d 610), *People v McDougle* (67 AD2d 989), and *People v Corrado* (65 AD2d 760) is misplaced. Those cases do support the proposition for which they are cited. However, none of the defendant's involved in those

---

1. It is noteworthy that the majority's basis for reversal revolves around an issue not even raised by the defendant on appeal.

cases engaged in behavior similar to that here.[2] In the case at bar defendant's behavior prior to sentencing was such as to fully justify Criminal Term's failure to make any further inquiry. Accordingly, I would affirm the judgments appealed from.

---

2. It is significant that in *McDougle* defendant *never* conceded committing all the elements of the crime to which he was pleading. The instant case certainly does not suffer from that infirmity.