■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON L. MOORE, Appellant. — Judgment unanimously reversed, and matter remitted to Herkimer County Court for further proceedings on the indictment. Memorandum: Defendant was indicted for attempted murder in the second degree, assault in the first degree, assault in the third degree and assault in the second degree. The indictment arose out of an incident between defendant and his wife and son. During the course of the trial extensive plea negotiations were carried on among the prosecution, defense counsel, the court and defendant, all of which fully appear in the record. As a result of these negotiations defendant pleaded guilty to the second and third counts of the indictment, assault in the first degree and assault in the third degree and he was sentenced as a second felony offender to an indeterminate term with a maximum of six years and a minimum of three years to run consecutively to an undischarged term from a prior conviction. The plea negotiations disclosed that defendant was then on parole for an earlier conviction for which he had to serve undischarged time. The record makes clear that defendant was concerned with whether he would have to serve the undischarged time in addition to the present sentence. On at least three different occasions defendant was told that the unexpired sentence would be satisfied by serving the minimum sentence imposed by the court in the present case. While the term "consecutive" was used in discussions of the plea and at the time of sentence, no one explained to defendant what that meant in spite of clear and unequivocal questions on his part which indicated that he was thinking in terms of a concurrent sentence although he did not use that term. It was not explained to defendant that as a second felony offender subject to an undischarged indeterminate sentence of imprisonment imposed prior to the date of the present crime the court was required to impose a consecutive sentence (Penal Law, § 70.25, subd 2-a). The court told defendant that the minimum time that he would have to serve would be three years. That was incorrect in light of section 70.30 (subd 1, par [b]) of the Penal Law. It is obvious that the inducement for defendant's guilty plea centered on the amount of time that he would have to serve, and while the court fulfilled its promise to defendant by sentencing him to a term of three to six years it also made representations to him which it could not fulfill. Under these circumstances the defendant should be allowed to withdraw

his plea *(People v Torres,* 45 NY2d 751). There are further considerations which require reversal. From the outset of the criminal proceedings against defendant it was readily apparent that on August 4, 1978, the date of the commission of the crime, defendant had been drinking heavily and at the same time had been taking various medications prescribed for him because of an emotional condition. The District Attorney indicated in the record that in August, 1978 an "Article 730[a] competency hearing was held in Little Falls City Court." We do not have the benefit of a transcript of that hearing or of the psychiatric reports in support thereof. Upon defendant's arraignment after indictment, counsel moved orally in County Court on October 10, 1978 for an examination under CPL article 730 to determine defendant's competency. The court indicated that it would consider such a motion only on written papers. Counsel made no further application. On June 12, 1979 defendant appeared in court for the purpose, *inter alia,* of moving for a further psychiatric examination. He advised the court of past diagnoses of mental problems, of his long-time drinking and of his ongoing use of nerve medication prescribed for him, including Valium, which medication he was also using at the time of the crime. His application was denied. On June 25, 1979, after the trial had commenced and several witnesses had testified, plea negotiations in the presence of the court revealed defendant's concern that when sentenced he be sent to a facility where his physical and psychiatric needs would be taken care of. At this time defendant indicated to the court that he had no recollection of the events which led to his arrest and indictment stating "I don't know what happened that night. I had to be crazy to do such a thing." After the plea arrangements had been agreed upon all parties returned to the courtroom where defendant pleaded guilty to assault in the first degree and assault in the third degree. After the plea the court asked defendant whether he was under medication at the present time, to which defendant answered: "Well, I'm taking Valium, ten milligrams, three times a day, twenty milligrams before I go to bed, and a yellow pill, I don't know what it is, twenty-five milligrams, but I do not know what it is." The court then asked defendant to relate what took place on the day of the crime. The defendant told of taking Valium and other nerve pills and drinking two six-packs of beer and substantially not remembering anything until 8 o'clock the following morning when he awoke at the police station and was advised that he had stabbed his wife. In accepting the plea and apparently in justification thereof the court observed that the record indicated defendant's intoxication and the problem thereby raised in proving intent. At the time of the imposition of sentence on July 23, 1979 defendant was permitted to read a statement. He noted the court's past refusal to grant his request for a different lawyer and for further psychiatric examination and stated that at the time of the incident he was drunk from alcohol and pills. Under these circumstances the court should not have accepted the plea or proceeded to impose sentence without conducting further inquiry to establish that defendant was aware of what he was doing at the time the crimes were committed and when he entered his plea. Inquiry should have been made to determine whether defendant was asserting that his intent had in fact been negated by intoxication and the use of medication and, if so, whether he was knowingly waiving that potential defense *(People v Valente,* 77 AD2d 917; *People v Quiles,* 72 AD2d 610). Where defendant's assertions conflict with the crime pleaded to or raise the possibility of a defense, the trial court is obligated to conduct further inquiry *(People v Quiles, supra; People v McDougle,* 67 AD2d 989). Once advised that his version of the crime is not consistent with the charge to which he is pleading, a defendant might still wish to plead guilty for any number of reasons. Here the record reflects that at the time he entered his guilty plea, defendant was still taking the same medication that he had consumed (albeit without alcohol) at the time of the crime. Thus, a hearing was mandated to determine whether

defendant was competent to enter an intelligent plea of guilty *(People v Candella,* 49 AD2d 800). Since the judgment herein is reversed and the plea vacated we need not address ourselves to the error in the clerk's certified judgment of conviction which indicates a plea to assault in the first degree and assault in the second degree, which should have been assault in the first degree and assault in the third degree. If defendant is found capable of understanding the charges against him and assisting in his own defense, he should be permitted to replead, if he so desires. (Appeal from judgment of Herkimer County Court — assault, first degree, and another charge.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.