■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN MONROE, Appellant. — Appeals by the defendant (1) from two judgments of the Supreme Court, Queens County (Tsoucalas, J.), both rendered June 19, 1979, the first convicting him of attempted rape in the first degree, the second convicting him of attempted burglary in the second degree, each upon his plea of guilty, and imposing sentences, and (2) by permission, from an order of the same court, dated August 15, 1980, denying the defendant's motion to vacate the aforesaid judgments. Judgments modified, on the law, by vacating the sentences. As so modified, judgments affirmed and case remitted to Criminal Term for further proceedings consistent herewith. Order modified accordingly and, as so modified, order affirmed. The defendant, a man with a long-standing history of mental disorders, pleaded guilty to attempted rape in the first degree and attempted burglary in the second degree in satisfaction of two indictments pending against him. At the plea allocution he admitted facts sufficient to constitute the crimes. At sentencing, however, when invited to speak in his own behalf, the defendant stated: "First of all, I ask the mercy of the Court because those things that I'm accused of, I know I was insane when those things happened. And there is not much more that I can say except that God stood by me and just * * * I need help. I need psychiatric help. I have been going for help for a long time and that is what I request of the Court that I get help." The court thereupon imposed sentence in accordance with its previous promise. In our view, the court erred in imposing sentence without further

inquiry. It is well settled that where the defendant's assertions conflict with the requisites of the crime to which he is pleading or raise the possibility of a defense, the trial court is obligated to conduct a further inquiry *(People v Quiles,* 72 AD2d 610; *People v McDougle,* 67 AD2d 989). Under the circumstances, additional inquiry should have been made to clarify whether the defendant was asserting that he was not criminally responsible, and, if so, whether he was knowingly waiving the potential defense of insanity (see *People v Quiles, supra; People v Serrano,* 15 NY2d 304). In addition, we note that it was improper for the Judge to have imposed sentence before having received a written report of the psychiatric examination he had previously ordered pursuant to CPL 390.30 (subd 2) (see CPL 390.20, subd 1). Mollen, P.J., Damiani, Gibbons and Thompson, JJ., concur.