■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL CORWISE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 14, 1979, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The plea allocution satisfies the standards set forth by the Court of Appeals in *People v Harris* (61 NY2d 9). Although the

defendant did not initially comprehend the court's instructions regarding the maximum sentence that could be imposed upon him for pleading guilty to one count of robbery in the first degree in satisfaction of three pending indictments, after a recess was granted the defendant acknowledged that he understood. Both the court and defense counsel correctly instructed the defendant on the applicable law and the defendant's plea was not predicated upon any misapprehension as to the permissible range of sentencing (cf. People v Camacho, 102 AD2d 728).

We also reject the defendant's contention that the court erred in denying his oral motion, made at the time of sentence, to withdraw his guilty plea based upon a claim that pressure from his family and codefendants had induced the plea. This is not one of those instances in which an evidentiary hearing was required (see, People v Tinsley, 35 NY2d 926, 927). The defendant made only bald, conclusory allegations which were refuted by the record of the plea allocution. Accordingly, he was not entitled to withdraw the plea (People v Matta, 103 AD2d 756; People v Sprow, 104 AD2d 1056)).

Nor did the court err in denying the defendant's oral motion for a psychiatric examination pursuant to CPL article 730. The law of this State is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon before the commencement of trial, or the acceptance of a guilty plea, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's capacity (People v Armlin 37 NY2d 167, 171; People v McElvaine, 125 NY 596). Here, the defendant proffered no history of mental illness or mental retardation which would have required the court to exercise additional caution in determining whether to accept his plea (cf. People v Bangert, 22 NY2d 799; People v Greenwood, 54 AD2d 1123; People v Armlin, supra). Aside from the defendant's initial difficulty in comprehending the maximum sentence which the court could impose, the record is barren of any proof to indicate that he was incapable of understanding and intelligently waiving his rights. The defendant's responses during the plea allocution were consistent with the prosecutor's opinion that the defendant acted like a youth who was hesitant "about owning up to what he had done." Based upon the instant record, there was no proper basis for questioning the defendant's competency to enter a guilty plea (see, People v Mitchell, 90 AD2d 854). Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.