■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE INCH, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Vaughn, J.), both rendered September 19, 1984, convicting him of robbery in the first degree (three counts; two under indictment No. 554/84 and one under indictment No. 832/84), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant maintains on appeal that no inquiry was made "as to whether or not [he] was on drugs or alcohol at the time he committed the crime and/or at the time he pled guilty". However, the court, the defendant and defense counsel engaged in an extended colloquy at sentencing concerning the defendant's psychological condition and drug and alcohol abuse. From the record it is clear that the defendant and his attorney were well aware of the possibility of asserting the insanity or intoxication defenses with respect to commission of the crimes, but, explicitly and with full comprehension, opted not to do so, thereby waiving the defendant's rights in this regard *(see, People v Pellegrino,* 60 NY2d 636). There is no indication that the defendant's mental state was in any way impaired at the time he committed the crimes or pleaded guilty, unlike the defendants in the cases relied upon by him *(see, People v Moore,* 78 AD2d 997; *People v Valente,* 77 AD2d 917). Further, the pleas satisfied the requirements set forth in *People v Harris* (61 NY2d 9). Lastly, as defendant pleaded guilty with the knowledge that he would receive the sentence imposed, he cannot now claim that his sentence was excessive *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.