■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS HARRIS, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Ain, J.), rendered February 7, 1985, convicting him of murder in the second degree (three counts), robbery in the first degree, and burglary in the first degree, upon a jury verdict under indictment No. 57785, and sentencing him to an indeterminate term of 25 years' to life imprisonment for murder in the second degree under the first count of the indictment, to run consecutively to concurrent indeterminate terms of 12½ to 25 years'

imprisonment for robbery in the first degree and burglary in the first degree, respectively, and concurrently with two indeterminate terms of 25 years' to life imprisonment for murder in the second degree under the third and fifth counts of the indictment, and (2) a judgment of the same court, rendered May 14, 1985, convicting him of attempted murder in the second degree, upon his plea of guilty under indictment No. 59972, and sentencing him, as a second felony offender, to an indeterminate term of 7½ to 15 years' imprisonment, to run consecutively to the sentence imposed under indictment No. 57785. The appeals bring up for review the denial of that branch of the defendant's omnibus motion under indictment No. 57785 which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment rendered February 7, 1985, is modified, on the law, by reversing the defendant's conviction of murder in the second degree under the first count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment rendered February 7, 1985, is affirmed; and it is further,

Ordered that the judgment rendered May 14, 1985, is affirmed.

The evidence adduced at trial was insufficient to establish that the defendant intended to kill the victim. Accordingly, the defendant's conviction of intentional murder under the first count of indictment No. 57785 must be reversed and the sentence imposed thereon vacated. Nevertheless, the People sufficiently established the defendant's guilt under the third and fifth counts of the indictment, and the defendant's conviction for those two counts of felony murder need not be disturbed.

We have examined the defendant's remaining arguments and find them to be without merit (see, People v Williams, 62 NY2d 285; People v Zuluaga, 148 AD2d 480; People v Armlin, 37 NY2d 167, 171; People v Corwise, 120 AD2d 604; People v Pabon, 140 AD2d 719; People v Bridget, 139 AD2d 587; People v Suitte, 90 AD2d 80). Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.