■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND SIMONE, Appellant.

During the plea proceedings at bar, the defendant answered affirmatively to the court's inquiry as to whether he had

"ingested enough [alcohol] so that it totally blotted [his] memory or a great deal of [his] memory as to what happened". Additionally, he stated, again in response to the court, that he understood that "voluntarily taking drugs and that affecting [his] ability to think and so on is no defense to criminal action". There was no inquiry as to whether the defendant was knowingly waiving the possible defense of intoxication *(see,* Penal Law § 15.25). This was error. "It is well settled that where the defendant's assertions * * * raise the possibility of a defense, the trial court is obligated to conduct further inquiry" *(People v Quiles,* 72 AD2d 610). At bar, an additional inquiry should have been made to clarify whether the defendant was asserting that he had been intoxicated to such degree as to negate intent, and if so, whether he knowingly waived this potential defense *(see, People v Quiles, supra; see also, People v Zeth,* 148 AD2d 960, 961; *People v Braman,* 136 AD2d 382, 384-385). Contrary to the People's contention, that error did not require preservation by motion to withdraw the plea *(see, People v Lopez,* 71 NY2d 662, 666; *People v Serrano,* 15 NY2d 304; *cf., People v Carey,* 168 AD2d 686; *People v Quiles, supra).*

In light of this disposition, we do not reach the defendant's remaining contention. Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.