■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUNO ASABAL, Appellant. [682 NYS2d 862] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Schulman, J.), both rendered October 17, 1996, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 12573/95 and burglary in the second degree under Indictment No. 589/96, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Having failed to make a motion to withdraw his pleas pursuant to CPL 220.60 (3) or a motion to vacate the judgments of conviction pursuant to CPL 440.10, the defendant's challenge to the factual sufficiency of his plea allocutions is unpreserved for appellate review (see, People v Pellegrino, 60 NY2d 636). We reject the defendant's contention that his allocutions cast significant doubt on his guilt such that the court was required to conduct an inquiry to ensure that the pleas were intelligently entered, and its failure to do so allows him to challenge the sufficiency of the allocutions directly on appeal (see, People v Lopez, 71 NY2d 662). In any event, the record reveals that the court did conduct a sufficient inquiry, and that inquiry demonstrated that any defense of intoxication was not viable (cf., People v Simone, 179 AD2d 694; People v Braman, 136 AD2d 382). The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, McGinity and Luciano, JJ., concur.