THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT EARL SCOTT, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ARTHUR SCOTT, JR., Appellant.

Fourth Department, June 30, 1970.

*Henrietta M. Wolfgang* for Robert Earl Scott, appellant.

*David E. Seaman* and *Victor A. Rippo* for Arthur Scott, Jr., appellant.

*Aldo L. DiFlorio, District Attorney (Shavasp Hanesian* of counsel), for respondent.

BASTOW, J. In October, 1968 appellants were arrested and charged with assault, first degree, and other felonies. Following a preliminary hearing before a Magistrate in City Court they were held for the action of the Grand Jury. During this period and until December 31, 1968 the Judge, who presided at the trial of the indictments resulting in the judgments now being reviewed, was District Attorney of the county. On January 1, 1969 he assumed office as one of the two County Judges in Niagara County.

In February, 1969 the felony charges were presented to a Grand Jury sitting as a part of a term of Niagara County Court. Defendants were brought before the Grand Jury and—so far as the record shows—testified without waiving immunity. The

Grand Jury returned no indictment relating to the crimes alleged to have been committed the previous October but each defendant was indicted for perjury, first degree, based upon his testimony before the Grand Jury. The trial of these indictments was held in May, 1969 with the former District Attorney, as stated, presiding as County Judge. Appellants were convicted and each sentenced to lengthy prison terms which they are presently serving.

The testimony of two witnesses at the preliminary hearing (held while the Judge was District Attorney) became pivotal at the perjury trial for the reasons that one had died and the other could not be located (cf. Code Crim. Pro., § 8). This prior testimony was eventually received in evidence and read to the trial jury. Moreover, the entire perjury trial centered upon the events that took place on the previous October night when defendants were alleged to have committed the assaults. In other words, the witnesses for the People presented testimony (including that from the preliminary hearing) that appellants had assaulted certain individuals. Witnesses called by the defense in substance corroborated the Grand Jury testimony of appellants — that one of them was not at the scene and that the other had assaulted nobody. Upon this proof the jury was asked to resolve the issue as to whether or not appellants had lied before the Grand Jury.

Section 14 of the Judiciary Law provides, in part, that " A judge shall not sit as such in * * * an action * * * in which he has been attorney or counsel, or in which he is interested ". We have no difficulty in concluding that the former District Attorney should not have presided at the trial. It is unnecessary to pass upon the issue as to whether the Judge was statutorily disqualified. We recognize, as urged by the prosecutor, that the Judge was not District Attorney when the alleged perjuries were committed. It is further recognized that no motion was made for the Judge to disqualify himself.

These contentions aside, however, we conclude that a proper sensitivity to the appearance of propriety should have caused the Judge to disqualify himself *sua sponte*. In *People* v. *Haas* (105 App. Div. 119, 124) it was written " that if a judge has acted as attorney, counsel, law advisor or advocate, in relation to the business in hand, that furnishes just cause for exception without reference to the time when such aid or counsel was given." And in *Oakley* v. *Aspinwall* (3 N. Y. 547, 549–550) it was said: " The first idea in the administration of justice is that a judge must necessarily be free from all bias and par-

tiality. He can not be both judge and party, arbiter and advocate in the same cause. Mankind are so agreed in this principle, that any departure from it shocks their common sense and sentiment of justice.''

In the interest of justice a new trial is mandated to be held before a Judge to be designated by this court. In view of this conclusion we discuss briefly two other grounds for reversal advanced by appellants.

Section 8 of the Code of Criminal Procedure provides that a defendant is entitled to be confronted with the witnesses against him (cf. N. Y. Const., art. I, § 6). One of the exceptions stated therein is that where '' the charge '' has been preliminarily examined and the defendant, or his counsel, has cross-examined or had the opportunity to do so, the testimony may be read in evidence upon satisfactory proof that the witness, among other things, is dead or cannot with due diligence be found in the State.

The testimony of two witnesses at the preliminary hearing on the assault charges, as stated, was herein read to the trial jury upon proof that one was dead and the other could not be located. Appellants now contend that this was error, that section 8 of the code has no relevancy because there was no preliminary hearing as to the perjury charges and that the City Court testimony of the two witnesses was improperly received in evidence. The short answer is that no such objection was interposed at the trial. The testimony of the deceased witness was received without objection and the sole objection to the receipt of the testimony of the missing witness was that '' due diligence '' to find him had not been established. If upon the new trial defendants elect to pursue their present contentions they are alerted to the necessity of raising the issue at the trial.

Next, appellants assert that their constitutional rights were violated when they were summoned before the Grand Jury. It is now established that '' the protection against prosecution, whether under a statute or in consequence of a violation of the constitutional privilege, extends only to prosecution for past crimes and not to perjury committed in the very process of making the disclosure assertedly compelled.'' (*People* v. *Tomasello*, 21 N Y 2d 143, 150.)

Recognizing, as we do, this legal principle, there remains unanswered by the record before us the strange and bizarre course of events by which defendants were brought before the Grand Jury, apparently given immunity as to the felony charges pending against them (and then being investigated by the

Grand Jury) and promptly indicted for perjury after giving their versions of the happenings on the night of the alleged assaults. Moreover, appellants had been represented at the preliminary hearing by different retained counsel and presumably this representation continued at the time of their appearances before the Grand Jury.

Instructive here is *People* v. *Ianniello* (21 N Y 2d 418, 424) where it was written that " Courts have a particular responsibility to prevent unfairness in Grand Jury proceedings, for the Grand Jury is an ' arm of the court'." And more recently in *People* v. *Waters* (27 N Y 2d 553, 555) it was stated that " Although the District Attorney may have assumed defendant had talked with his counsel about his [Grand Jury] appearance, he should have ascertained this, and in any case should have advised counsel of this proposed appearance of defendant."

The trial record is silent as to these matters. It may be gleaned from portions of the Grand Jury testimony (marked but not received in evidence) that there had been some conversation between the prosecutor and the attorney for one defendant. There is nothing to show any communication between the prosecutor and the attorney for the other defendant.

If prior to the new trial, either or both defendants so request, the interest of justice mandates a hearing before the court, at which defendants and their counsel are present, as to the factual circumstances under which each appeared before the Grand Jury. Such hearing should encompass the conversations, if any, between prosecutor and respective defense counsel as to the reasons, if any, assigned by the District Attorney for the necessity of such appearances and the nature of the testimony proposed to be elicited from each defendant. Upon such proof a determination should be made as to whether or not the constitutional rights of either, or both defendants were violated. If such finding be affirmative as to either or both defendants, then the Grand Jury testimony of that defendant would not be admissible at the ensuing trial (cf. *Costello* v. *United States,* 365 U. S. 265, 280).

The judgment in each action should be reversed and new trials granted.

GOLDMAN, P. J., WITMER, GABRIELLI and HENRY, JJ., concur.

Judgments unanimously reversed on the law and facts and in the interest of justice, and new trials granted.