■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIS McALLISTER, Appellant.—Appeal by defendant from three judgments of the Supreme Court, Kings County (Po-

toker, J.), all rendered April 28, 1984, convicting him of burglary in the first degree, robbery in the second degree, and robbery in the first degree, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

Criminal Term properly accepted the defendant's guilty pleas. Subsequent to pleading guilty to all three of the aforementioned offenses in satisfaction of all the counts in three separate indictments, at sentencing defendant requested the court to allow him to withdraw at least one of his guilty pleas, and his application was denied. Defendant asserts that because the court failed to inquire into whether his gun was loaded and operable, an affirmative defense was established. He also alleges that his pleas were factually insufficient.

There is no general requirement that a court inquire into a defendant's possible affirmative defenses, unless something on the record specifically suggests an affirmative defense may exist (People v Quiles, 72 AD2d 610). Moreover, defendant's plea allocutions made out the elements of all three of his crimes. Defendant's pleas fully complied with well-settled standards for voluntariness and factual sufficiency (see, People v Harris, 61 NY2d 9). Therefore, vacatur is not required (People v Orr, 111 AD2d 937). Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.