■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SUARO MARTINEZ, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rubin, J.), both rendered March 25, 1977, convicting him of attempted criminal possession of a weapon in the third degree under indictment No. 1015/75, and attempted criminal

possession of a controlled substance in the sixth degree under indictment No. 8126/75, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Criminal Term properly accepted the defendant's guilty pleas. The defendant was fully advised of his rights prior to the entry of his guilty pleas and he was afforded an adequate opportunity to consult with counsel. Moreover, there is no general requirement that a court inquire into a defendant's possible affirmative defenses unless something on the record specifically indicates that an affirmative defense may exist. *(see, People v McAllister,* 114 AD2d 910, 911). Based on the record herein, we conclude that Criminal Term was not obligated to inquire into the possible affirmative defense now suggested by counsel. Accordingly, vacatur of the defendant's pleas is not required. Mollen, P. J., Bracken, Lawrence and Sullivan, JJ., concur.