■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC McGARRITY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 6, 1985, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

The sole issue on this appeal is whether County Court should have vacated defendant's plea of guilty of murder in the second degree and ordered a competency hearing (CPL 730.30 [1]) prior to the imposition of a sentence of 25 years to life imprisonment. The crime charged occurred on October 19, 1985, just 16 days after defendant had been released on parole for the crime of assault in the second degree for which he had been sentenced to 2½ to 5 years' imprisonment. It appears that defendant had a long prior history of unpredictable assaultive behavior which was responsible for his extensive record dating back to 1964.

On this occasion, defendant had been called to his sister's home and informed that she had been assaulted by Andre Murphy, who was unknown to defendant. Defendant removed a butcher knife with a 10-inch blade from his sister's kitchen, took a taxi to where he believed Murphy lived, and kicked out the windows on the porch of that residence, but saw no one. He next stopped briefly at two local bars, where he had nothing to drink and did not attack any of the patrons he saw there, although defendant later stated "he was looking for someone to stab". A few minutes later, on a public street, he saw Brenda Pannell, a housewife in her mid-30's who was the mother of five children, coming toward him. Although defendant did not know Pannell and had no previous dealings or association with her, defendant grabbed her around the neck and inexplicably plunged the knife that he had carried up his sleeve into her chest. The blade pierced her lung and heart and caused her death.

Defendant was indicted on October 31, 1985 for murder in the second degree under circumstances evincing a depraved indifference to human life. At arraignment on the following day, a Friday, defendant, represented by the Public Defender, insisted, over the stated objections of his counsel, on pleading guilty to the crime charged because he had "taken a person's life". County Court fully, fairly and in detail informed defendant of all his rights and the legal consequences of his plea, and insisted that defendant contemplate the consequences and possibilities of such plea with his counsel, at least over the weekend.

On the following Monday, defendant again insisted that he be allowed to plead guilty. County Court inquired as to defendant's reasons and again informed him of the consequences of his plea, the possible sentence of 25 years to life imprisonment and the possible defenses that he could enter before pleading. Defendant rejected his counsel's advice that he request a

mental competency hearing, stating that he was not mentally unfit. His counsel stated his intent to pursue insanity as a possible defense, but conceded that defendant appeared to understand the nature of the charges and the proceeding. County Court stated that it was reluctant *sua sponte* to order a mental competency examination, since it did not seem to be warranted judging by defendant's answers to the court's inquiries. The court added that defendant appeared to understand his rights and that such an order by the court could possibly be inimical to defendant's best interest. The court then inquired whether defendant had considered the severity of the sentence and whether defendant had consulted with his counsel over the weekend. When defendant stated that he understood the proceeding and the full effect of his proposed plea and that he wanted to plead freely and voluntarily, the court made a detailed inquiry concerning the circumstances surrounding the crime. All of the court's questions were answered responsively and willingly by defendant.

In essence, defendant stated he stabbed the victim, whom he had not known previously, just because he was distraught at what his sister had told him and he "wanted to stab somebody". When questioned by County Court, defendant stated that he knew he was stabbing an unknown woman and did not believe he was stabbing Andre Murphy. He said he was fully aware of what he was doing at the time and was not under the effect of drugs or alcohol. The court expressed its satisfaction that defendant was competent to enter a plea and was doing so voluntarily and that he had committed the crime. The court then accepted defendant's plea to the crime of murder in the second degree.

At sentencing, defendant, in response to County Court's offer to permit defendant to make a statement, stated "when me and Charlie Manson get released we are going to kill the whole Pannell family". Following repetition of this statement by defendant, his counsel requested an adjournment for the purpose of a competency examination. This request was denied. The court determined that the plea entered was knowingly and voluntarily made and thereupon sentenced defendant.

Contrary to defendant's contention, we find no basis in the record to disturb County Court's determination denying defendant's application for a competency hearing at the time of sentencing. Significantly, no aberrant behavior was exhibited at the time of defendant's plea, and the court had no demonstrated basis on which to order a competency examination *sua*

*sponte (see, People v Rodriguez,* 79 AD2d 576, *affd* 56 NY2d 557; *cf., People v Arnold,* 113 AD2d 101). The court's refusal to honor such request at the time of sentencing was not an abuse of its discretion, and the request was clearly contrary to all the prior admonitions of the court and to the prior refusal of defendant to permit such an examination. The judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.