■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN JONES, Appellant.—Kane, J. P. Appeal from a judgment of the Supreme Court (Crew, III, J.), rendered October 8, 1986 in Chemung County, convicting defendant upon his plea of guilty of the crimes of robbery in the third degree and burglary in the third degree.

On August 8, 1986, defendant was arraigned on two indictments by the Chemung County Grand Jury. Each indictment involved a separate incident. The first indictment alleged that defendant had stolen a person's wallet on May 24, 1986, and resulted in his being charged with robbery in the third degree and grand larceny in the third degree. The second indictment alleged that defendant had unlawfully entered a building on July 18, 1986 with the intent to commit a crime therein, and resulted in a charge of burglary in the third degree. When he appeared before Supreme Court on September 8, 1986, defendant indicated his willingness to plead guilty to the charges of robbery in the third degree and burglary in the third degree in full satisfaction of all charges against him. At the time, he was asked about his participation in both incidents and admitted his guilt. Defendant's plea of guilty to the indictments was accepted and he was later sentenced to 3 to 6 years' imprisonment on both convictions, the sentences to run concurrently with each other. Defendant has appealed.

Defendant initially claims that Supreme Court erred in not ordering a medical examination of him. This contention is based on a statement made by defendant's mother at the close of the hearing where defendant had entered his plea of guilty. The statement was as follows: "I don't know what [defendant] did, but whatever it is, he is a sick boy. A lot of things he is saying, he don't realize what he is saying. He needs to see a doctor." At that point, the court stated that defendant should be examined by a physician but it never actually ordered such an examination. Defendant also claims that an examination was required based on his statement at sentencing that he thought he was to be sentenced to a prison term of 2 to 4 years instead of 3 to 6 years.

Although no motion was ever made by defendant for a medical examination, CPL 730.30 gives a court the authority to order such an exam, *sua sponte,* if it finds there is a question as to whether a defendant is incapacitated.* Here, at the time he entered his guilty plea and at his sentencing, Supreme Court had the opportunity to observe defendant. The court clearly explained the seriousness and consequences of defendant's plea and defendant appeared to understand. Although the court did state that defendant should have been examined, it never issued the appropriate order *(see,* CPL 730.30 [1]). However, there is nothing in the record to support the mother's assertions and therefore, in our view, there was no reversible error in failing to order the exam *(see, People v McGarrity,* 130 AD2d 793, *lv denied* 70 NY2d 714). Furthermore, defendant agreed to the 3-to-6-year prison term after a lengthy dialogue with the court as to the sentence to be imposed. Thus, this too fails to indicate any need for a medical examination. In all of the proceedings before the court, defendant was alert, coherent and participated in a meaningful way *(see, People v Clickner,* 128 AD2d 917, *lv denied* 70 NY2d 644).

Defendant next contends that because the Supreme Court Justice before whom he appeared had previously prosecuted defendant for unrelated crimes when the Justice was a District Attorney, he should have disqualified himself. Defendant never made a motion for recusal. However, given that a Justice's previous involvement in an earlier case may not always be immediately evident *(see, e.g., People v Corelli,* 41 AD2d 939), we will address this question as we and other

---

* Defendant relies on CPL 730.40; that statute, however, applies to local criminal courts. This case was before Supreme Court and therefore CPL 730.30 is the applicable statute.

courts have likewise done when faced with this issue for the first time on appeal *(see, e.g., People v Harris,* 117 AD2d 881; *People v Scott,* 34 AD2d 407, 409). With respect to the merits of defendant's claim, all he has shown was a prior prosecution on a totally separate matter while the Justice was a District Attorney. In such a situation, no disqualification has been found to be required *(see, e.g., People ex rel. Stickle v Fay,* 14 NY2d 683; *People v Harris,* 117 AD2d 881, 882, *supra).* No additional or special circumstances warranting disqualification were alleged *(cf., People v Tartaglia,* 35 NY2d 918; *People v Corelli,* 41 AD2d 939, *supra).* Also, while the Supreme Court Justice may have used the prior conviction he obtained while District Attorney in sentencing defendant as a predicate felon in this case, that alone did not mandate disqualification *(see, People v Bennett,* 14 NY2d 851). No bias, prejudice or unworthy motive affecting either defendant's plea or the sentence he received was shown, and thus there is nothing in the record to support a claim of disqualification.

We also reject defendant's claim that he was denied the effective assistance of counsel due to his confusion over the sentence he received and his counsel's failure to adequately assert defendant's position. Although defendant stated that he thought that he was to be sentenced to 2 to 4 years, his counsel explained that that term was based on early plea negotiations and was never actually offered. Defendant then specifically agreed to the concurrent 3-to-6-year prison terms. In our view, defendant was provided with the necessary "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). He was a predicate felon faced with charges of robbery in the third degree, burglary in the third degree and grand larceny in the third degree, as well as separate charges of escape and harassment. The plea negotiated by counsel and the sentence agreed upon satisfied not only the two indictments in this case, but the other additional charges as well.

Finally, defendant's claim that his sentence was harsh and excessive is without merit. The sentence he received as a predicate felon was not the maximum and the prison terms were to run concurrently, although they could have been imposed consecutively. Supreme Court considered all of the relevant facts and circumstances before pronouncing sentence. On the record before us, we find no abuse of discretion *(see, People v Bonneau,* 142 AD2d 890).

Judgment affirmed. Kane, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.