■ The People of the State of New York, Respondent, v Patrick Shaffer, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 17, 1986, which resentenced defendant following his conviction of the crimes of burglary in the second degree, attempted assault in the second degree and criminal possession of a weapon in the fourth degree.

Following conviction in 1981 for burglary in the first degree, attempted aggravated assault upon a peace officer and criminal use of a firearm in the first degree, defendant was accused of being a predicate felon in that he had previously been convicted of attempted burglary in the second degree in 1980. At the predicate felony hearing, County Court advised him of his right to deny the allegation and to challenge the constitutionality or legality of the 1980 conviction. Defendant, assisted by counsel, admitted the prior conviction and was thereupon sentenced as a second felony offender to the maximum terms for each crime, to be served concurrently; the effect of the sentence was incarceration of 12½ to 25 years.

On appeal (66 NY2d 663), the crimes for which he was convicted were reduced to reflect the failure of the prosecution to prove that defendant's gun was a deadly weapon; the case was remitted to County Court for resentencing. At resentencing, defendant requested a reevaluation of his predicate felony status based in part on his assertion that the 1980 conviction

had been for attempted burglary in the third, rather than second, degree, a felony nevertheless. After reviewing the 1981 presentence colloquy and the 1980 plea allocution, County Court denied the request and ultimately imposed the maximum prison sentence consisting of the following terms: 7½ to 15 years for second degree burglary, 2 to 4 years for second degree attempted assault and 1 year for fourth degree criminal possession of a weapon, all to run concurrently.

On appeal, defendant charges that CPL 400.21 was not sufficiently complied with during the 1981 presentence colloquy because he was not informed of his right thereunder to a two-day adjournment and a hearing, and because the record leaves doubt as to whether defendant actually received a copy of the predicate felony information. To the contrary, the procedure followed by County Court was quite adequate to satisfy CPL 400.21 (see, People v Collins, 100 AD2d 691), which, in any event, only requires substantial compliance (see, People v Smith, 121 AD2d 771, 772). Even if it were error, it would be harmless, for the minutes of the 1980 plea allocution make it apparent that defendant was pleading guilty to attempted burglary in the second degree, and, moreover, attempted burglary in the third degree is also a felony.

Defendant also argues that he was entitled to request a CPL 400.21 hearing as an integral part of his resentencing. The CPL 400.21 procedure, however, is a presentence proceeding (see, CPL 380.30) and upon admitting the prior felony defendant waived his right to challenge that conviction in any future proceeding (see, CPL 400.21 [8]; People v Banks, 117 AD2d 611, lv denied 67 NY2d 939).

Finally, defendant's contention that his sentence was exacerbated because of factual misstatements and intemperate comments made by the prosecution during resentencing is unsupported by the record, and given the seriousness of this crime, which involved burglarizing an elderly woman's home and an attempted assault upon a police officer, the sentence prescribed, though the maximum allowable, cannot fairly be said to be an abuse of discretion (see, People v Whalen, 99 AD2d 883, 884-885).

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.