(October 19, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD H. KITTLE, Appellant.—Levine, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered October 23, 1984, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered May 19, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the early morning hours of June 17, 1984, Melody Tyson was stabbed to death as she lay in her bed in the apartment she shared with her mother in the City of Albany. On June

20, 1984, defendant confessed to police that he had killed Tyson. He was subsequently indicted on charges of murder in the second degree and burglary in the first degree. In July 1984, defense counsel filed a notice of mental disease or defect, placing the prosecution on notice that defendant intended to raise the affirmative defense of insanity. The prosecution thereafter requested psychiatric evaluations of defendant. Defendant also wrote two letters to the Albany County Judge in which he claimed to be possessed by Satan. Following a suicide attempt while being detained at the Albany County Jail, defendant was sent to Central New York Psychiatric Center for evaluation. He was subsequently released and returned to the Albany County Jail.

Following plea-bargain negotiations, defendant entered a plea of guilty to the crime of murder in the second degree with the understanding that he would receive an indeterminate sentence of 20 years' to life imprisonment. The agreed-upon sentence was imposed by County Court on October 23, 1984 and defendant has appealed from that judgment of conviction.

Defendant thereafter moved to vacate his conviction pursuant to CPL 440.10 (h) on the ground that he was denied the effective assistance of counsel in that his attorney advised him to plead guilty without adequately investigating his potential defenses of insanity and extreme emotional disturbance. County Court denied this motion without a hearing and this court granted defendant permission to appeal from that order.

Defendant's first contention on appeal is that County Court erred in accepting his guilty plea without first inquiring whether defendant was aware that he was waiving his possible defenses of insanity and extreme emotional disturbance (citing, *inter alia, People v Braman,* 136 AD2d 382, *lv denied* 72 NY2d 911). We disagree. As to defendant's insanity defense, the circumstances of this case make it clear that defendant was aware of this defense at the time of his plea since a notice of mental defect had already been filed. Thus, no inquiry by County Court was required *(see, People v Sharpe,* 72 AD2d 572). Nor do we believe that County Court erred in failing to inquire into the possible defense of extreme emotional disturbance since we find nothing in the record or in defendant's plea allocution which specifically suggests the existence of this affirmative defense *(see, People v McAllister,* 114 AD2d 910, 911).

Defendant also contends that County Court erred in denying his postjudgment motion to vacate without a hearing. In this

motion defendant claimed that he was denied the effective representation of counsel when he was advised to plead guilty to the murder charge when he had viable defenses of insanity and extreme emotional disturbance.

Although a hearing is often required when this type of claim is raised by postjudgment motion, such is not always the case. In order to be entitled to a hearing, defendant "must show that the nonrecord facts sought to be established are material and would entitle him to relief" *(People v Satterfield, 66 NY2d 796, 799)*. As part of the motion, defense counsel submitted psychiatric evaluations of defendant which he claimed the former attorney should have obtained and which allegedly reveal that an insanity defense could be meritorious. We have reviewed these submissions and find that they all indicate that defendant has no history of mental illness, is fully oriented and nonpsychotic. These records simply do not support defendant's claim that he had a viable insanity defense. Nor are we persuaded that defendant's self-serving letters to County Court were sufficient to raise serious questions about his sanity *(see, People v Zochowski, 16 AD2d 669, 670, cert denied 373 US 926)*. Thus, we cannot conclude that defendant has raised factual issues concerning counsel's failure to pursue this defense strategy which would merit a hearing on the ineffective assistance of counsel claim *(see, People v Satterfield, supra, at 799)*.

The same can be said of defendant's claim that counsel erred in advising him to plead guilty in light of the possible affirmative defense of extreme emotional disturbance. Defendant's submissions on the postjudgment motion failed to raise a factual issue that defendant acted under extreme emotional disturbance in killing Tyson. The only evidence of defendant's state of mind at the time of the murder, which was committed after defendant had surreptitiously entered the apartment and while the victim was sleeping, was defendant's confession which does not, in our view, give any indication that defendant was under the influence of extreme emotional disturbance at the time of the crime *(cf., People v Walker, 100 AD2d 220, 222, affd 64 NY2d 741)*. In sum, we conclude that defendant's postjudgment motion to vacate was properly denied without a hearing.

Judgment and order affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.