■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. ALEXANDER, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 14, 1988, convicting defendant upon his plea of guilty of the crime of burglary in the first degree, and (2) by permission, from an order of said court, entered September 1, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In February 1988, a Grand Jury handed down a multicount indictment charging defendant with the crimes of burglary in the first degree, robbery in the first degree, burglary in the

second degree and robbery in the second degree. These charges stemmed from incidents occurring on February 6, 1988 when defendant and an accomplice burglarized two homes and threatened the owners with a .22-caliber rifle. Defendant ultimately entered a counseled plea of guilty to burglary in the first degree in full satisfaction of the indictment. Defendant's motion to withdraw his plea was denied and he was sentenced as a second felony offender to an indeterminate prison term of 9 to 18 years. Defendant filed a notice of appeal from this conviction. Thereafter, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 on the grounds that he was incompetent at the time of his plea and that he was denied effective representation of counsel. This motion was denied. Defendant then sought, and was granted, permission to appeal from the denial of this motion.

Initially, defendant argues that he was mentally incompetent at the time of his plea and that County Court erred by failing to order a competency examination, *sua sponte,* pursuant to CPL 730.30 (1). This contention is based on the fact that, in March 1988 while being held at the Chemung County Jail, defendant apparently ingested an overdose of prescription medicine and was taken to the Rochester Psychiatric Center where he was released 12 days later. Defendant was diagnosed as being depressed along with having a dependence on alcohol and controlled substances. In the hospital release summary submitted to County Court, defendant was initially described as being suicidal and anxious over his present situation although he was still clear, coherent and organized. The report then stated that as time went on, defendant became more optimistic in his outlook and, significantly, began formulating a defense strategy with his attorney.

When defendant pleaded guilty to the count of burglary in the first degree on May 25, 1988, the record shows that defendant's responses at the allocution were clear, concise and coherent. The plea colloquy was quite extensive and defendant freely admitted both his guilt and the fact that, although intoxicated at the time, he knew precisely what he was doing when he committed the charged crime *(cf., People v Lynch,* 156 AD2d 884). Significantly, defendant went into some detail and showed a clear memory of the events. The possible defenses of insanity or intoxication were amply explored at the plea and defendant indicated his awareness of their existence *(see, People v Kittle,* 154 AD2d 782, *lv denied* 75 NY2d 814). In all the proceedings before County Court, defendant

was alert and he participated in a meaningful way *(see, People v Jones,* 143 AD2d 465; *People v Clickner,* 128 AD2d 917, *lv denied* 70 NY2d 644). Rather than supporting defendant's claims of incompetency, the release report from the hospital confirmed that defendant was relatively oriented even while hospitalized. Accordingly, we find no abuse of discretion in County Court's failure to order a competency exam *(see, People v Jones, supra; People v McGarrity,* 130 AD2d 793).

Next, we reject defendant's contention that he was deprived of effective assistance of counsel. During the course of the proceedings at bar, defendant had one attorney replaced and continually tried to delay the matter further by trying to have his next attorney replaced for various reasons. In our view, defendant's counsel performed adequately under the circumstances, making sure that defendant understood all the proceedings and properly advised him of the risks and advantages of accepting the plea bargain as opposed to going to trial and risking a greater sentence. Although defendant claims that his attorney insufficiently pursued or investigated the question of his mental capacity or insanity claim, it is apparent from the record that such a defense was not supported by the record *(see, People v Kittle, supra; People v Corwin,* 137 AD2d 872, *lv denied* 71 NY2d 1025). Further, considering the charges against him and the strong case compiled by the People, we cannot say that the plea negotiated by defense counsel was disadvantageous under the circumstances *(see, People v Nicholls,* 157 AD2d 1004). Since "meaningful representation" does not mandate a flawless performance, we find defendant's arguments wholly unpersuasive *(see, People v Groves,* 157 AD2d 970).

Next, we find that defendant was properly adjudicated a second felony offender based upon his prior conviction for burglary in Missouri. The certified documents from that State and other evidence were received without objection and defendant did not offer any evidence at the predicate felony hearing. Defendant does not claim that the Missouri conviction did not qualify as a predicate felony conviction, but argues only that the People should not have been allowed to prove this predicate felony because of delays in the proceedings due partly to the fact that an Oklahoma felony originally sought to be utilized as the predicate felony was found to be deficient for that purpose. We disagree. The majority of the delays and adjournments on the record were attributable to the actions of defendant and his attorney or due to circumstances beyond the parties' control. Moreover, the procedures set forth in CPL

400.21 were sufficiently complied with *(see, People v Shaffer,* 144 AD2d 182). Since all of the jail time accumulated by defendant during these times must ultimately be applied toward the final sentence *(see,* Penal Law § 70.30), we find that no prejudice to defendant occurred as a result of the delays.

Defendant's remaining contentions, including his claim that his sentence was harsh and excessive, have been examined and have been found to be without merit.

Judgment and order affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.