People v Cassadean (2018 NY Slip Op 02333)





People v Cassadean


2018 NY Slip Op 02333


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-01570
 (Ind. No. 1508/12)

[*1]The People of the State of New York, respondent,
v
Loventino Cassadean, appellant.


Michael A. Fiechter, Bellmore, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered February 17, 2015, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Lopez, 6 NY3d 248; People v Brown, 122 AD3d 133). A waiver of the right to appeal will not be enforced unless it was knowingly, intelligently, and voluntarily made (see People v Lopez, 6 NY3d at 256; People v Callahan, 80 NY2d 273, 280). Furthermore, the waiver is effective only when the record demonstrates that the defendant has a full appreciation of the consequences of that waiver (see People v Brown, 122 AD3d at 136). Here, the record shows that the court did not properly explain that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Lopez, 6 NY3d at 256).
Contrary to the defendant's contentions, the record demonstrates that his plea of guilty was entered voluntarily, knowingly, and intelligently (see CPL 220.60[3]; People v Fiumefreddo, 82 NY2d 536, 543; People v Williams, 129 AD3d 1000; People v Franco, 104 AD3d 790). In particular, the record demonstrates that the defendant understood the proceedings and was not impaired by the medication he was taking (see People v Wilson, 132 AD3d 786). Moreover, the Supreme Court was not required to inquire into a possible affirmative defense, since nothing in the record suggested that an affirmative defense might exist (see People v Washington, 186 AD2d 834; People v Martinez, 127 AD2d 855).
Contrary to the defendant's contentions, in a plea allocution, the defendant need not specifically admit to each element of the crime (see People v Goldstein, 12 NY3d 295, 301; People v Seeber, 4 NY3d 780, 781). A plea allocution is sufficient where, as here, the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea (see People v Barrett, 105 AD3d 862, 863).
The defendant further contends that his plea was involuntary because he was never [*2]advised that his parental rights to his son could be terminated upon his conviction. This contention is unpreserved for appellate review, as the defendant did not move to withdraw his plea on this ground prior to sentencing (see CPL 220.60[3], 470.05[2]; People v Hernandez, 110 AD3d 919; People v Devodier, 102 AD3d 884).
The defendant's claim of ineffective assistance of counsel is based, in part, on matters outside the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108, 1109). Therefore a CPL 440.10 proceeding is the appropriate forum for resolving the claim in its entirety (see People v Freeman, 93 AD3d 805, 806).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court