■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. MCDER-MOTT, III, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 22, 1981, which revoked defendant's probation and sentenced him to an indeterminate term of imprisonment not to exceed three years. On January 3, 1980, defendant was charged in a two-count indictment with operating a vehicle while under the influence of alcohol in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law, as a class E felony. Defendant ultimately pleaded guilty to one count in full satisfaction and was sentenced to a term of five years' probation, the first 60 days to be served in the Albany County Jail. Pursuant to the "Orders and Condition of Probation", of which defendant was fully apprised, he was prohibited from, among other things, consuming alcoholic beverages or operating a motor vehicle, and was directed to "attend and complete an alcohol rehabilitation program". On January 21, 1981, a violation of probation was filed alleging that defendant operated a motor vehicle on two separate occasions while his license to drive had been revoked. Following a hearing, the court found defendant guilty of the violation and resentenced him to an indeterminate sentence of imprisonment with a maximum term of three years and a minimum of one year. The sole issue raised on this appeal is whether the sentence imposed was harsh and excessive. Essentially, defendant contends that the court failed to properly consider his completion of a 30-day alcohol rehabilitation program in mitigation of the sentence. This court has consis-

tently held that sentencing is a matter committed to the sound discretion of the sentencing court, which should not be disturbed absent an abuse of discretion or extraordinary circumstances (*People v Dittmar,* 41 AD2d 788). When the trial court revoked the original sentence of probation, it necessarily determined that probation was no longer a viable alternative for this defendant (*People v Verrios,* 60 AD2d 536). Following revocation, sentence must be imposed pursuant to subdivision 3 or 4 of section 60.01 of the Penal Law. However, the Legislature has also granted this court the discretionary power to reverse or modify an unduly harsh or excessive sentence in the interests of justice (CPL 470.15, subd 6, par [b]; 470.20, subd 6). Through no fault of his own, defendant, an admitted alcoholic, was not enrolled in a suitable rehabilitation program until after the violation of his probation was charged. Thereafter, he successfully completed a 30-day program and has since fully abstained from the use of alcohol. In addition, he continues to attend "AA" meetings on a regular basis. In our view, the penalty imposed upon defendant for behavior committed during a period when he was precluded from receiving mandated professional treatment would not serve to further the interests of society. Moreover, we note that defendant has served time in jail as part of his original sentence. Consequently, in the exercise of our discretion and in the interests of justice, the sentence should be reduced to a term of imprisonment of 60 days to be served in the Albany County Jail (Penal Law, § 70.00, subd 4; see *People v Fuller,* 59 AD2d 971). Judgment modified, as a matter of discretion in the interests of justice, by reducing the sentence imposed to a term of imprisonment of 60 days to be served in the Albany County Jail, and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.