■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY S. LUSTGARTEN, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 10, 1985, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to one count of petit larceny based on an incident wherein he admitted that, while a student at the State University of New York at Albany and entrusted with handling money, he stole approximately $580. He was sentenced to a 15-day jail term and a three-year term of probation. Among the conditions of probation were the re-

quirements that defendant make full restitution and pay a $1,000 fine. He served his jail sentence, paid the fine and made restitution. Defendant then moved to Long Island to live with his parents where his probation was supervised by the Nassau County Probation Department. This continued for approximately 14 months until defendant was accepted by the Indiana University School of Business as a candidate for a master's degree in business administration. Defendant fully complied with all conditions of probation while he was in Nassau County and, in August of 1984, his probation officer wrote to the Albany County Probation Department notifying it that he had approved defendant's trip to Indiana. Further, he wrote that defendant had made an excellent adjustment to probation and had reported as directed, complied with the conditions of probation and cooperated with the Probation Department. Accordingly, the probation officer transferred the matter to the Albany County Probation Department and recommended that defendant be discharged from probation.

The Albany County Probation Department apparently disagreed and informed defendant that he was required to report monthly. Defendant responded by writing several insulting letters to the Albany County probation officer. The probation officer deemed these letters to be a violation of probation and obtained a declaration of delinquency from County Court. Defendant failed to report for the scheduled hearing, but later surrendered to authorities and a revocation hearing was held. After finding that defendant violated his probation, County Court revoked probation and sentenced him to a definite term of imprisonment of six months, the maximum sentence for petit larceny. Defendant appealed and served 18 days of the sentence before being released on bail pending appeal.

Initially, we affirm so much of County Court's order as found a violation of probation. Admittedly, the violations found are somewhat trivial. However, defendant had an obligation to report to his probation officer and to answer all reasonable inquiries. The sarcastic letters by defendant do not qualify as a good-faith effort to answer the probation officer's inquiries.

Defendant also argues that the sentence imposed after revocation of his probation was excessive. We agree. This court has previously held that it will modify unduly harsh or excessive sentences imposed after a revocation of probation (People v McDermott, 89 AD2d 748). Here, defendant had no prior criminal record. The crime consisted of stealing $580. Defendant made restitution before he was convicted and uni-

versity officials recommended that the criminal charges be dropped. Also, defendant paid a $1,000 fine and served 15 days in jail. Further, for over one year, he complied with all of the conditions of probation, prompting his Nassau County probation officer to report that he had made an excellent adjustment to probation and to recommend that defendant be discharged from probation. Defendant's conduct in writing the sarcastic letters was certainly improper, but the imposition of the maximum sentence makes it clear that the actions taken against defendant were simply in retaliation for insulting the Albany County probation officials. This is not a valid basis for punishment upon a revocation of probation. In addition to the restitution and fine mentioned above, defendant has served a total of 33 days in jail. Under the circumstances involved here, this is a sufficient sentence for a first time petit larceny conviction. Therefore, we choose to exercise our discretion and modify the sentence to time served.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to time served, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.