■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA M. MOYLE, Appellant.—Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered June 28, 1991 in Broome County, convicting defendant upon her plea of guilty of the crime of scheme to defraud in the first degree.

Defendant was indicted for the crimes of grand larceny in the third degree, criminal possession of a forged instrument in

the second degree and 38 counts of scheme to defraud in the first degree. After a motion to dismiss the indictment in the interest of justice was denied, defendant pleaded guilty to one count of the crime of scheme to defraud in the first degree in full satisfaction of the indictment. Defendant initially contends that she was denied her right to effective assistance of counsel based upon defense counsel's failure to assert in the motion to dismiss that she lacked the ability to form the intent necessary to commit the crimes alleged due to mental illness. We disagree.

Nothing in the record presented on this appeal establishes that defendant's psychiatric problems would clearly support a defense based upon lack of intent. Given the extremely advantageous plea bargain defense counsel obtained, we do not find that defense counsel was ineffective in failing to pursue the dubious defense now advanced by defendant (see, People v Kittle, 154 AD2d 782, lv denied 75 NY2d 814; People v Jacques, 136 AD2d 756, lv denied 71 NY2d 969). We also reject defendant's argument that Supreme Court should not have accepted her guilty plea without first ordering a hearing to determine whether she had a viable defense as to lack of intent. At the plea hearing, defendant gave no indication that she lacked the capacity to form an intent at the time of the criminal acts alleged (see, People v Inch, 127 AD2d 851, lv denied 69 NY2d 1005; cf., People v Tomaino, 134 AD2d 859; People v Moore, 78 AD2d 997). Finally, we find no merit to defendant's argument that Penal Law § 70.06 is unconstitutional as applied in this case.

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.