(November 24, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. HALL, Appellant. [604 NYS2d 621] —Mikoll, J. P. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered May 2, 1990, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to burglary in the third degree and was sentenced as a second felony offender to an indeterminate period of incarceration of 1½ to 3 years. The sentence is to be served consecutively to the prison sentence imposed on April 11, 1990 following defendant's guilty plea to criminal possession of stolen property in the third degree.

Defendant contests the imposition of consecutive sentences, contending that the sentences were incorrectly imposed pursuant to Penal Law § 70.25. Defendant's pleas were based on a burglary committed at 1:00 P.M. on November 2, 1989 when defendant entered a home on Irish Hill Road in the Town of Schodack, Rensselaer County, and removed the contents therefrom. At 2:45 P.M. on the same day, defendant was arrested while traveling in his truck on U.S. Route 20 in the Town of Guilderland, Albany County, with the stolen contents of the home in his truck. Defendant urges that the sentences for the two offenses should run concurrently because the burglary offense was a material element of the possessory offense. It is urged that defendant, notwithstanding his consent to the plea, cannot waive his rights under Penal Law § 70.25 to enlarge County Court's sentencing power.

There should be an affirmance. Where separate and distinct acts are committed in violation of different sections of the Penal Law, consecutive sentences are appropriate. Here, the statutory elements of the possessory offense are categorically discrete from the burglary offense (see, People v Day, 73 NY2d 208).

Yesawich Jr., Mercure, Crew III and Cardona, JJ., concur. Ordered that the judgment is affirmed.