(January 11, 1996)

■ The People of the State of New York, Respondent, v Jonathan W. Dimick, Appellant. [636 NYS2d 448] —White, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered March 11, 1993, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree, burglary in the second degree (35 counts), criminal possession of stolen property in the third degree and resisting arrest.

Defendant was arrested in November 1993, having burglarized approximately three dozen residences in Clinton County over a period of five years. He was thereafter the subject of a 180-count indictment, charging him with multiple counts of the crimes of first and second degree burglary, third and fourth degree grand larceny, petit larceny, third degree criminal

mischief, fourth and fifth degree criminal possession of stolen property, second degree assault, fourth degree criminal mischief, third degree criminal possession of a weapon and resisting arrest. Defendant subsequently entered into a plea bargain pursuant to which he pleaded guilty to one count of burglary in the first degree, 35 counts of burglary in the second degree, and one count each of criminal possession of stolen property in the third degree and resisting arrest. In exchange for his guilty plea, defendant was sentenced to prison terms that cumulatively resulted in a term of $8^1/2$ to $25^1/2$ years. Defendant was also directed to make restitution in the amount of $349,279.94. In addition, all criminal charges against defendant's paramour, the mother of his young daughter, were dropped.

On this appeal, defendant contends that he received ineffective assistance of counsel in the course of his plea-bargaining negotiations. Defendant opines that he suffers from posttraumatic stress syndrome as the result of his military service in Viet Nam and argues that in view of his emotional difficulties, defense counsel should have determined whether the People would have agreed to a term of psychiatric treatment in lieu of incarceration.

There is, however, no evidence in the record that defendant suffered from a psychiatric disability during his lengthy career as a burglar sufficient to excuse him from responsibility for his numerous criminal acts. Defense counsel was not ineffective for failing to seek an alternative to a term of incarceration which was clearly never available to defendant (*see, People v Moyle*, 188 AD2d 751, 752). The plea bargain negotiated for defendant was extremely advantageous in view of the 180-count indictment filed against him (*see, People v Ford*, 86 NY2d 397, 404; *People v Martin*, 215 AD2d 942). Counsel will not be deemed ineffective for the failure to pursue a course of negotiation that was, at best, "dubious" (*People v Moyle, supra*, at 752; *see, People v Kittle*, 154 AD2d 782, *lv denied* 75 NY2d 814).

We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.