■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT JENKINS, Appellant. [682 NYS2d 678] —Mikoll, J. P. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered June 8, 1995, upon a verdict convicting defendant of the crimes of robbery in the third degree, burglary in the second degree, grand larceny in the fourth degree (two counts), criminal possession of a forged instrument in the second degree (two counts) and petit larceny (two counts).

Defendant was tried on two consolidated indictments charging 17 separate offenses stemming from a burglary and forcible theft of a wallet, a checkbook and a car on October 11, 1994, and the forgery and cashing of two of the stolen checks on October 12 and 13, 1994. Convicted after a jury trial of eight of those offenses, defendant was sentenced to consecutive terms of imprisonment totaling 5½ to 16½ years, and now appeals.

We affirm. Defendant's contention that he was denied the effective assistance of trial counsel lacks merit. Defendant was represented by Public Defender Elbert Watrous. During pretrial hearings, Watrous learned that a prospective prosecution witness, Loraine Riccio, had been previously represented by

his office.* Reviewing the file on Riccio, Watrous discovered confidential information relative to Riccio's substance abuse treatment. He thereupon advised County Court that he had a conflict in representing defendant because although he believed the information was relevant to Riccio's credibility and should be used in cross-examining her, he would be precluded from doing so under the circumstances. Defendant informed the court that he "would definitely want that type of statement asked", and reiterated this position even after the court informed him that such information could not be used for impeachment under Mental Hygiene Law § 23.05.

Riccio was then produced by the People and appeared with counsel. She waived her right to confidentiality with respect to any information acquired by the Public Defender's office in the course of that representation, with specific reference to information concerning drug addiction and treatment. Following this resolution, neither defendant nor Watrous raised any objection to counsel's continued representation. At trial Riccio was cross-examined concerning, *inter alia*, her prior drug abuse and criminal charges.

Defendant argues that County Court committed reversible error in permitting Watrous to continue representing him after disclosure of the "conflict of interest". Specifically, defendant complains that the court did not inquire whether counsel's continued representation was acceptable to him, and that Watrous did not indicate he would be unaffected by his office's prior representation of Riccio. He further argues that it is reasonable to assume that counsel's trial performance, specifically his cross-examination of Riccio, was undermined by divided loyalties. We reject these contentions.

The manner in which County Court addressed the concerns raised and ultimately resolved the matter effectively eliminated any conflict issue. While the court did not explicitly inquire whether Watrous' continued representation was acceptable to defendant, it in fact resolved in defendant's favor the sole articulated basis for the claimed conflict. As a result, defendant was permitted to impeach the witness with respect to matters on which cross-examination would otherwise be precluded under Mental Hygiene Law § 23.05 (a). Once Watrous was released from any continuing obligation of confidentiality stemming from his office's prior representation of Riccio by her express waiver thereof, any significant possibil-

---

* It does not appear that Watrous actually represented Riccio. She could not remember the name of the Assistant Public Defender who represented her, and neither she nor Watrous recognized the other.

ity of conflict was eliminated. Moreover, neither defendant nor counsel voiced any objection to the continued representation after resolution of the question of the scope of cross-examination of Riccio. Defendant's claims that a conflict not only existed but operated on the defense in such a way to affect the outcome of the trial are purely speculative, conclusory and unsupported by the record (*see, People v Lombardo*, 61 NY2d 97, 102; *People v Alicea*, 61 NY2d 23, 31; *People v Carlson*, 180 AD2d 743, 744).

Defendant's aggregate sentence of 5¹/₂ to 16¹/₂ years is neither harsh nor excessive. The sentences imposed are within the statutory range for the crimes of which defendant was convicted. Determination of an appropriate sentence rests within the sound discretion of the trial court and will not be reduced in the absence of extraordinary circumstances or a clear abuse of discretion (*see, People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805; *see also, People v Abrams*, 203 AD2d 723, 725, *lv denied* 83 NY2d 963). We find neither here. While defendant urges that we consider the fact that his criminal conduct was motivated by drug addiction, this circumstance was in fact noted by the sentencing court. Although defendant's progress with substance abuse treatment is commendable, we have previously expressed the view that self-induced drug problems do not constitute the type of extraordinary circumstances which justify reducing a sentence (*see, People v Mackey*, 136 AD2d 780, 781).

Nor do we find that County Court abused its discretion by imposing consecutive sentences for crimes which were distinct in both time and place, and which involved two separate victims. We are unpersuaded by defendant's suggestion that criminal use of the proceeds of a burglary or robbery is a "natural result" of the original crime so as to militate against the imposition of consecutive sentences. Even though the crimes may be the result of a continuous course of events, they involved separate and distinct acts, contravened different Penal Law sections and victimized different individuals (*see, People v Brathwaite*, 63 NY2d 839, 843; *People v Brown*, 216 AD2d 670, 674, *lv denied* 86 NY2d 791; *People v Hall*, 198 AD2d 716; *People v Bink*, 93 AD2d 920, 921).

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.