■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MAY, Appellant. [754 NYS2d 78] —Mugglin, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered November 10, 1997, upon a verdict convicting defendant of the crimes of burglary in the first degree, criminal contempt in the first degree (two counts), bribing a witness, and criminal mischief in the fourth degree.

Defendant's conviction of, among other things, burglary in the first degree stems from defendant's conduct on March 30, 1997, on which date he was charged with forcibly entering a residence occupied by his estranged wife, their children and the wife's boyfriend, Michael Cooper, while armed with a .22 caliber rifle with which he intended to shoot Cooper. Defendant was sentenced in the aggregate to a prison term of 10 to 21 years.

---

Defendant's primary contention on appeal is that there was legally insufficient trial evidence to establish two elements of the crime of burglary in the first degree, namely, intent to commit a crime and possession of a weapon. At the close of the People's case, defendant moved pursuant to CPL 290.10 (1) for dismissal of the burglary count. However, the sole basis for the motion was the alleged failure of the People to prove that defendant was in possession of a weapon when he entered the premises. Defendant did not seek dismissal based on the lack of legally sufficient evidence of intent to commit a crime and, thus, this issue is not preserved for our review (*see People v Finger*, 95 NY2d 894, 895). Defendant's argument that the issue of intent is preserved by virtue of County Court's insufficient inquiry into his status as an "incapacitated person" is equally unavailing. Defendant argues that County Court should have held a hearing following his evaluation pursuant to CPL 730.30. However, both psychiatrists concluded that defendant was competent to stand trial, in which case a hearing is discretionary with the court (*see* CPL 730.30 [2]). There is no indication in this record that County Court abused its discretion. Further, despite defendant's diagnosis of major depression, antisocial personality disorder and alcohol dependence, the record contains no evidence that he was so incapacitated as to be unable to form the requisite intent at the time he committed the crime. The jury, having heard evidence of defendant's intoxication and having been instructed regarding how this might negate intent as an element of the crime, returned a verdict of guilty, demonstrating that it found defendant's arguments unpersuasive (*see People v Stewart*, 296 AD2d 587, 588; *see also People v Dimick*, 223 AD2d 808, 809, *lv denied* 89 NY2d 1034; *People v Moyle*, 188 AD2d 751, 752).

Defendant's argument that there is insufficient evidence that he was holding a weapon when he entered the dwelling is based on his assertion that it is only Cooper's testimony that suggests he had something in his hand at the time. This assertion is simply incorrect. Defendant's estranged wife testified that she recognized the rifle as belonging to defendant, that it was not at her residence prior to defendant's arrival and that defendant asked her to hide it after his plan had been thwarted by Cooper. In addition, defendant readily admitted to the police that he possessed the rifle at the time of his entry and that he intended to shoot Cooper and himself. The investigating officer testified to markings on the door and minor damage to the rifle that was consistent with it being used to break open the door. This evidence, when viewed in a light most favorable to the People, unquestionably leads a reasonable trier of fact to

conclude that defendant was armed with a deadly weapon within the meaning of Penal Law § 140.30 (1) (*see People v Rossey*, 89 NY2d 970, 971; *People v Montcrieft*, 296 AD2d 718, 719).

Next, defendant argues that his sentence was harsh and excessive because County Court failed to take into consideration his "psychological diseases." Absent a clear abuse of discretion or the existence of extraordinary circumstances, a trial court's exercise of discretion in imposing what it considers to be an appropriate sentence will not be disturbed (*see People v Sczepankowski*, 293 AD2d 212, 215). As an initial matter, "[self-induced * * * alcohol problems do not present the type of extraordinary circumstances which would warrant reduction of the sentence" (*People v Honsinger*, 162 AD2d 877, 878, *lv denied* 76 NY2d 894; *see People v Jenkins*, 256 AD2d 735, 737, *lv denied* 93 NY2d 854). As to defendant's mental illness, despite his assertions to the contrary, the record contains no evidence that defendant is delusional or hallucinating, or suffers from manic depression, either now or at the time he committed the crimes. Thus, his argument rests upon the assertion that the sentence was harsh because the court failed to properly consider his major depression. Here also, his depression was untreated because he was not taking his prescribed medication. In short, defendant has not demonstrated extraordinary circumstances that would compel the conclusion that his sentence is harsh or excessive (*see People v Alston*, 298 AD2d 702, 704; *People v Aylesworth*, 143 AD2d 353, 353-354; *People v McDermott*, 89 AD2d 748, 749). Defendant's argument that County Court committed error by allowing the victims to speak was not only unpreserved by failure to object (*see People v Young*, 296 AD2d 588, 589), but is meritless. When a defendant is being sentenced for a felony, victims are entitled to make statements to the sentencing court (*see* CPL 380.50; *People v Arroyo*, 284 AD2d 735, 736, *lv denied* 96 NY2d 916).

Lastly, defendant argues that he received ineffective assistance of counsel when trial counsel failed to move to set aside the jury verdict pursuant to CPL 330.30 because there was "no rational basis" for failing to do so and such failure may have waived appellate review of certain issues. We also find this argument to be without merit. Defendant is denied the effective assistance of counsel if, given the law, the evidence and the circumstances of a particular case at the time of trial, he is not provided with "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see People v Ross*, 282 AD2d 929, 930, *lv denied* 96 NY2d 907). This record clearly establishes that de-

fendant was the recipient of meaningful and effective representation as it fully details counsel's active and competent participation in every stage of the trial (*see People v Benevento*, 91 NY2d 708, 715; *People v Wright*, 297 AD2d 875, 875; *People v Powers*, 262 AD2d 713, 714, *lv denied* 93 NY2d 1005).

While a single alleged error by counsel may constitute ineffective assistance if it "seriously compromises a defendant's right to a fair trial" (*People v Hobot*, 84 NY2d 1021, 1022), meaningful representation is not compromised where counsel fails to pursue a "potentially futile endeavor" (*People v Gonsa*, 220 AD2d 27, 32, *lv denied* 89 NY2d 923). Given the extent of the People's evidence which supported the requisite elements of every count of the indictment, we conclude that a CPL 330.30 motion would be futile. Moreover, contrary to defendant's present contention, failure to make the motion does not impact the preservation of appealable issues since trial errors must be preserved by appropriate specific objections at or about the alleged time the error is made and certainly prior to the rendition of a verdict (*see* CPL 470.05, 470.10; *People v Gray*, 86 NY2d 10, 19-21; *People v Padro*, 75 NY2d 820, 821; *People v Livingston*, 262 AD2d 786, 790, *lv denied* 94 NY2d 881).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.