■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. BORUSH, Appellant. [834 NYS2d 340]—

Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered October 31, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was sentenced to a three-year term of probation upon his conviction of the underlying crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree, both misdemeanors. When he subsequently violated the terms of his probation, it was revoked. County Court then resentenced him on the underlying crimes to two eight-month terms of incarceration in the Tioga County jail, to run consecutively. Defendant appeals.

Defendant contends and the People forthrightly concede that the consecutive sentences imposed upon defendant upon resentencing are illegal. Based upon our review of the record and Penal Law § 70.25 (2), we agree. Both of the crimes providing the basis for defendant's underlying conviction arose from a single act, namely, defendant's operation of a motor vehicle on December 24, 2003 while he was under the influence of alcohol and his license was revoked. Because the act of driving a motor vehicle while intoxicated and while suspended was a single act, concurrent sentences should have been imposed (*see* Penal Law § 70.25 [2]; *People v De Maio*, 304 AD2d 988 [2003]). Moreover, given that the maximum sentence for aggravated unlicensed operation of a motor vehicle in the second degree is 180 days in jail (*see* Vehicle and Traffic Law § 511 [2] [b]), the sentence for that crime should be reduced accordingly.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed upon defendant's conviction of the crime of aggravated unlicensed operation of a motor vehicle in the second degree to 180 days in jail, and directing that the jail sentences imposed for his convictions of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree shall run concurrently, rather than consecutively, and, as so modified, affirmed.