■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN J. POTTER, Appellant. [862 NYS2d 650]—Appeal from a judg-

ment of the County Court of St. Lawrence County (Richards, J.), rendered July 23, 2007, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a six-count indictment, defendant pleaded guilty to driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [3]). Within days of entering his plea and his release on probation pending sentencing, he violated the terms of the probation by consuming alcohol. At the initial sentencing hearing, he was placed on one year of interim probation which required him to, among other things, abstain from consuming alcohol or drugs and cooperate in recommended treatment. Thereafter, despite the fact that he showed up for a court appearance on an alleged violation with a blood alcohol content of 0.21% and also tested positive for marihuana, County Court continued his interim probation following the finding of a violation with the goal of placing him in an appropriate treatment program. Defendant's tenure in the program was not successful, however, and County Court sentenced him to 1 to 3 years in prison, among other things. Contending that his sentence was harsh and excessive, defendant now appeals and we affirm.

"Absent a clear abuse of discretion or the existence of extraordinary circumstances, a trial court's exercise of discretion in imposing what it considers to be an appropriate sentence will not be disturbed" (*People v May*, 301 AD2d 784, 786 [2003], *lv denied* 100 NY2d 564 [2003] [citation omitted]). Defendant has a long history of similar offenses and his time on probation for the instant offense was a dismal failure, including a violation before the initial sentencing hearing, a violation during his interim probation and a number of other instances of alcohol consumption during his probationary period. Defendant's self-induced alcohol and substance abuse problems are not extraordinary circumstances meriting reduction of his sentence (*see People v Morales*, 36 AD3d 957, 959 [2007], *lv denied* 8 NY3d 988 [2007]; *People v May*, 301 AD2d at 786; *People v Jenkins*, 256 AD2d 735, 737 [1998], *lv denied* 93 NY2d 854 [1999]; *People v Mackey*, 136 AD2d 780, 781 [1988], *lv denied* 71 NY2d 899 [1988]). Additionally, even if, as defendant contends, County Court misconstrued the circumstances of defendant's discharge from his treatment program, we are not persuaded that such a mistake would amount to an extraordinary circumstance warranting action by this Court in light of the negative reports of his performance in the program.

Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.