Cardona, EJ.
Appeal from a judgment of the Supreme Court (Griffin, J.), rendered April 30, 2007 in Rensselaer County, which revoked defendant’s probation and imposed a sentence of imprisonment.
In 2003, defendant pleaded guilty to sodomy in the first degree and two counts of endangering the welfare of a child. He was sentenced to a negotiated term of six months in jail and 10 *952 years of probation. In 2007, defendant was charged with violating the conditions of his probation that required him to maintain full-time verifiable employment, report as directed to his probation officer, fully cooperate with sex offender counseling and notify his probation officer when he established any significant relationship. Following a hearing, Supreme Court, finding that the allegations in the petition had been sustained, revoked defendant’s probation and resentenced him to a prison term of 25 years followed by a five-year period of postrelease supervision.
Initially, we agree with defendant that the testimony of Richard Hamill, a clinical psychologist, regarding defendant’s progress in the sex offender treatment program consisted of hearsay, which is insufficient by itself to establish a violation of probation (see People v Spragis, 5 AD3d 814, 814-815 [2004], lv denied 2 NY3d 807 [2004]; People v Costanza, 281 AD2d 120, 124 [2001], lv denied 96 NY2d 827 [2001]). On the other hand, such hearsay evidence is admissible and may be considered with other proof in a probation violation hearing (see id.). In this matter, Supreme Court properly considered Hamill’s testimony along with proof from defendant’s probation officer that defendant did not report as scheduled on six occasions in 2005 and 2006, did not disclose his involvement in a significant relationship and maintained pornographic pictures on his computer in violation of counseling program mandates. Evidence was also presented that defendant’s pay stubs did not reflect full-time employment. Although defendant offered exculpatory testimony, giving deference to the court’s credibility determinations (see People v Cruz, 35 AD3d 898, 899 [2006], lv denied 8 NY2d 845 [2007]), we find no reason to disturb its conclusion that defendant’s probation violations were proven by a preponderance of the evidence (see CPL 410.70 [3]; People v Provost, 35 AD3d 899, 900 [2006]).*
Finally, while we find no abuse of discretion in Supreme Court imposing a term of imprisonment, we do find merit in defendant’s contention that his sentence is harsh and excessive, and we reduce it in the interest of justice (see e.g. People v Cruz, 41 AD3d 893, 897 [2007], lv denied 10 NY3d 933 [2008]; People v Lustgarten, 118 AD2d 1033, 1034-1035 [1986]). While we are mindful of the very serious nature of the underlying crimes, under the circumstances of this case, including defendant’s *953 criminal history and the nature of the probationary violations, we find a sentence of 10 years followed by five years of postrelease supervision to be appropriate.
Mercure, Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to 10 years followed by five years of postrelease supervision, and, as so modified, affirmed.

 In view of the foregoing regarding the admissibility of hearsay testimony in probation violation hearings, we need not address defendant’s contention that he was denied the effective assistance of counsel based upon defense counsel’s failure to object to or move to strike Hamill’s hearsay testimony.