■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL A. WILLIAMS, Appellant. [885 NYS2d 918]—Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered May 23, 2008, convicting defendant upon her plea of guilty of the crimes of vehicular manslaughter in the second degree (two counts) and driving while intoxicated (two counts).

Around midnight on August 11, 2007, after consuming several drinks in a local tavern, defendant, while operating her automobile on Route 28 in the Town of Olive, Ulster County, crossed over the double yellow line and struck the victim's car head-on, causing his death. Approximately six hours after the crash, defendant's blood alcohol content registered .14%, nearly twice the legal limit. Following an indictment, defendant pleaded guilty to vehicular manslaughter in the second degree (two counts) and driving while intoxicated (two counts). Defendant was thereafter sentenced by County Court to 1 to 3 years in prison on each of the manslaughter charges and one year on each of the driving while intoxicated charges, all sentences to run concurrently. Defendant now appeals.

Defendant's sole contention on this appeal is that her term of

imprisonment was excessive and should be reduced in the interest of justice. While we acknowledge that this Court has broad, plenary power to modify a sentence that it considers unduly harsh or severe, such is only done in extraordinary circumstances or where the trial court has abused its discretion, which we fail to find here (*see* CPL 470.15 [6] [b]; *People v Potter*, 54 AD3d 444, 445 [2008]; *People v Rollins*, 51 AD3d 1279, 1282-1283 [2008], *lvs denied* 11 NY3d 922, 930 [2009]). While there may have been mitigating factors present that County Court considered in issuing defendant's sentence, the presentence investigation report detailed her "self absorption" and "apparent indifference to the life she took." Thus, noting that it was considerably less than the possible maximum, we decline to disturb defendant's sentence (*see People v Centorani*, 294 AD2d 613, 614 [2002]; *People v Hearn*, 248 AD2d 889, 890-891 [1998]; *compare People v Maricevic*, 52 AD3d 1043 [2008], *lv denied* 11 NY3d 790 [2008]; *People v Newman*, 26 AD3d 589 [2006], *lv denied* 7 NY3d 815 [2006]).

Mercure, J.P., Spain, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.