■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. HEY, Appellant. [903 NYS2d 207]—

Cardona, P.J. Appeal from a judgment of the County Court of Ulster County (McDonough, J.), rendered June 25, 2009, convicting defendant upon his plea of guilty of the crimes of vehicular manslaughter in the first degree (two counts), driving while intoxicated (two counts) and leaving the scene of an incident without reporting, and of the traffic infraction of following too closely.

Around 9:00 P.M. on July 19, 2008, after a day spent consuming a large quantity of alcohol, defendant drove his automobile into the back of a motorcycle being driven by 20-year-old Matthew Spiconardi, who died as a result of the injuries he sustained. Although defendant's front bumper was torn from his vehicle during the accident, he did not stop driving after the impact and, instead, proceeded home. Defendant was arrested shortly thereafter and a chemical test administered later that night revealed his blood alcohol content to be .21%. Defendant was subsequently charged in an indictment with two counts of vehicular manslaughter in the first degree, two counts of driving while intoxicated as a felony, leaving the scene of an accident and a traffic infraction. He pleaded guilty to each count and received concurrent sentences resulting in an aggregate prison term of 4 to 12 years. This appeal ensued.

Initially, defendant's challenges to the voluntariness of his plea and the factual adequacy of his plea allocution are not preserved for our review because he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Bethel*, 69 AD3d 1126, 1127 [2010]; *People v Dixon*, 66 AD3d 1237, 1237 [2009], *lv denied* 13 NY3d 906 [2009]). Moreover, inasmuch as defendant did not make any statements during his plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation rule does not apply (*see People v Parsons*, 65 AD3d 716 [2009], *lv denied* 13 NY3d 838 [2009]).

We are similarly unpersuaded by defendant's argument that his sentence is harsh and excessive. The record does not demonstrate any extraordinary circumstances or an abuse of discretion by County Court warranting a reduction of defendant's sentence in the interest of justice (*see People v Williams*, 65 AD3d 1423, 1424 [2009]; *People v Miller*, 21 AD3d 1146, 1147 [2005], *lv denied* 5 NY3d 854 [2005]).

Mercure, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.