■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLO R. DOUGLAS, Appellant. [931 NYS2d 799]—

Stein, J.

Defendant, armed with a semiautomatic handgun, approached an SUV containing multiple individuals and fired the gun several times into the driver's side of the car. The driver was struck multiple times in the chest and abdomen. He underwent surgery, during which portions of his liver and intestine had to be removed; a bullet that was located approximately one centimeter from his heart could not be removed.

Shortly after the shooting, defendant was arrested, interrogated by police and confessed to the shooting. He was subsequently charged with attempted murder in the second degree, assault in the first degree and two counts of criminal possession of a weapon in the second degree. After his motion to suppress his statements to the police was denied, defendant pleaded guilty to all charges. Pursuant to a plea agreement, County Court sentenced defendant to an aggregate prison term of 12 years to be followed by five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant contends that County Court should have accepted his testimony at the suppression hearing that Detectives Robert Henry and Brian Robertson interrogated him and extracted his confession prior to turning on a recording device and reading him his *Miranda* rights. In contrast, the People presented the detectives' testimony that defendant was read his *Miranda* rights before he was initially questioned and was read them again when the recorder was turned on to memorialize defendant's inculpatory statements concerning his involvement in the shooting. The recording device also captured Robertson stating that he was "going to—again . . . go over . . . [*Miranda*] warnings" and further reflects that defendant was asked if he was treated fairly or if he had any complaints regarding his treatment, to which he answered that he had been treated fairly. County Court was in the best position to observe the witnesses, and its credibility determinations are entitled to great deference

(*see People v Horge*, 80 AD3d 1074, 1074 [2011]; *People v Paige*, 77 AD3d 1193, 1195 [2010], *affd* 16 NY3d 816 [2011]). Accordingly, we find no basis to disturb its determination to credit the detectives' testimony over defendant's version of the events and to deny defendant's motion to suppress his confession.

Additionally, upon our review of the particular circumstances of this case—including the violent nature of the crime and the serious effect it had on the victim—we find neither an abuse of discretion nor extraordinary circumstances warranting a reduction of defendant's sentence and we decline to reduce it in the interest of justice (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Hey*, 74 AD3d 1582, 1583 [2010], *lv denied* 15 NY3d 852 [2010]).

Peters, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.