■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. BICE, Appellant. [952 NYS2d 911]—

Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered June 3, 2011, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with forgery in the second degree and endangering the welfare of a child. In satisfaction thereof, he pleaded guilty to attempted forgery in the second degree and endangering the welfare of a child. In accordance with the terms of the plea agreement, defendant was sentenced to time served and five years of probation. County Court warned him, however, that if he violated the terms of his probation, he would be resentenced to a term of imprisonment of as much as 1 to 3 years. Defendant subsequently admitted to violating the terms of his probation and was resentenced to 1 to 3 years in prison. He now appeals.

Defendant's sole contention is that the resentence imposed upon him by County Court following the revocation of his probation is harsh and excessive. Upon reviewing the record, we disagree. Defendant has a lengthy criminal record and has demonstrated an inability to comply with the terms of his probation. While his abuse of alcohol appears to be the source of his problems, he has not shown a willingness to seriously address his addiction. Notably, "self-induced alcohol and substance abuse problems are not extraordinary circumstances meriting

reduction of [a] sentence" (*People v Potter*, 54 AD3d 444, 445 [2008]). In view of this, as well as the fact that defendant was advised of the prison term to be imposed upon resentencing when he admitted to the probation violation, we find no abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Kornell*, 85 AD3d 1449, 1449-1450 [2011], *lv denied* 17 NY3d 860 [2011]; *People v Pidcoe*, 294 AD2d 715 [2002]; *People v Bass*, 261 AD2d 651, 652 [1999]).

Mercure, J.P., Rose, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.