*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 11, 2014          104842
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

       v                                  MEMORANDUM AND ORDER

REBECCA A. CLOUTIER,
                    Appellant.
_____


Calendar Date:   August 21, 2014

Before:   McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____


        Richard V. Manning, Parishville, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____


Egan Jr., J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered January 18, 2012, convicting
defendant upon her plea of guilty of the crime of criminal
possession of a forged instrument in the second degree.

        Defendant pleaded guilty to a single-count indictment
charging her with criminal possession of a forged instrument in
the second degree.  Pursuant to the underlying plea agreement,
defendant was to be sentenced to a one-year term of interim
probation with the understanding that she avoid the consumption
of alcohol and the use of controlled substances.  If successful,
defendant's felony plea would be vacated and she would be allowed
to plead guilty to a misdemeanor and sentenced to probation.
Defendant also was advised that if she failed to abide by the

terms of her interim probation, she could be sentenced to seven years in prison. After failing to comply with various treatment programs both prior to her initial sentencing hearing and during her interim probation, defendant was found to be in violation of the terms of her interim probation, and County Court imposed a sentence of 1⅔ to 5 years in prison. This appeal ensued.

Although the subject plea agreement contained a waiver of defendant's right to appeal, the People concede — and we agree — that defendant did not knowingly, intelligently and voluntarily waive her right to appeal her conviction and sentence. Hence, defendant's challenge to the severity of the sentence imposed is properly before us (see People v Middleton, 72 AD3d 1336, 1337 [2010]). That said, the record reflects that defendant was unable to abstain from consuming alcohol and using controlled substances and that she repeatedly violated the terms of her interim probation. Simply put, "self-induced alcohol and substance abuse problems are not extraordinary circumstances meriting reduction of [a] sentence" (People v Potter, 54 AD3d 444, 445 [2008]; accord People v Bice, 100 AD3d 1107, 1107-1108 [2012]). We therefore perceive no abuse of discretion or extraordinary circumstances warranting a modification of the sentence imposed in the interest of justice (see People v Riley, 97 AD3d 982, 983 [2012], lv denied 20 NY3d 935 [2012]; People v Potter, 54 AD3d at 445).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court