*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    104907
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ANDREW ABARE,
                        Appellant.
_____

Calendar Date:   November 18, 2014

Before:   Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Clark, JJ.

_____

        James P. Milstein, Public Defender, Albany (Angela Kelley
of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Albany County
(Breslin, J.), rendered September 13, 2011, upon a verdict
convicting defendant of the crime of criminal possession of a
controlled substance in the third degree.

        Defendant was charged with criminal possession of a
controlled substance in the third degree in Washington County in
January 2010.  Five months later, in June 2010, he was arrested
for possession of over 22 ounces of cocaine in Albany County and
charged with two counts of criminal possession of a controlled
substance in the third degree.  Defendant then entered into a
plea bargain on the Albany County charges and agreed to plead
guilty to criminal possession of a controlled substance in the

fifth degree with a jail sentence of one year. After entering his plea in Albany County, but before sentencing, he pleaded guilty to the charge in Washington County and received a prison term of four years, with two years of postrelease supervision. When defendant later appeared for sentencing in Albany County, County Court indicated that it had not been aware of the prior arrest in Washington County and refused to sentence him as originally agreed. Defendant rejected a new offer of two years of imprisonment, and he was allowed to withdraw his guilty plea. After a jury trial, he was found guilty of criminal possession of a controlled substance in the third degree, and County Court sentenced him to a prison term of four years, with two years of postrelease supervision, to run consecutively to the sentence imposed in Washington County.

Defendant appeals, arguing that he is entitled to specific performance of his plea agreement in Albany County because he had detrimentally relied upon it when he entered into his Washington County plea bargain. We are unpersuaded. Defendant did not make this argument when he appeared for sentencing on his Albany County plea agreement. Moreover, in the absence of any indication in the record that County Court considered the Washington County charge as part of the Albany County plea agreement, the court was entitled to rely on the new information in determining that it was unwilling to abide by the agreement and, therefore, defendant was appropriately restored to the status quo upon withdrawal of his plea (see People v McConnell, 49 NY2d 340, 348 [1980]; People v Bonville, 69 AD3d 1223, 1224 [2010]; People v Brooks, 284 AD2d 796, 797-798 [2001]; see also People v Walker, 187 AD2d 909, 909 [1992], lv denied 81 NY2d 796 [1993]).

Further, we do not find that the sentence imposed by County Court is harsh or excessive. Although defendant points out that his criminal history is limited to the two 2010 arrests, County Court took this factor into consideration in determining that a maximum sentence was not warranted (see People v Williams, 65 AD3d 1423, 1424 [2009]). Nor do we find that defendant's claimed substance abuse problems rise to the level of extraordinary circumstances (see People v Potter, 54 AD3d 444, 445 [2008]; People v May, 301 AD2d 784, 786 [2003], lv denied 100 NY2d 564

[2003]). In the absence of such circumstances, we decline to disturb County Court's exercise of its discretion in imposing the sentence.

Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court