*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    105419
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL RITTER,
                        Appellant.
_____


Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

                        _____


        Donna Maria Lasher, Youngsville, for appellant, and
appellant pro se.

        James R. Farrell, District Attorney, Monticello (Katy
Schlichtman of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered July 23, 2012, convicting defendant
upon his plea of guilty of the crimes of aggravated driving while
intoxicated and aggravated unlicensed operation of a motor
vehicle.

        Defendant pleaded guilty to aggravated driving while
intoxicated and aggravated unlicensed operation of a motor
vehicle in satisfaction of a five-count indictment charging
related crimes.  Defendant also signed a written waiver of his
right to appeal.  Following the denial of his motion to withdraw
the plea, he was sentenced, in accordance with the plea
agreement, to concurrent prison sentences of 1½ to 6 years for

the aggravated driving while intoxicated conviction and 1 to 3 years for the aggravated unlicensed operation conviction. Defendant now appeals.

We affirm.  Initially, we note that defendant's waiver of the right to appeal was not knowingly, intelligently and voluntarily made.  During the plea colloquy, County Court did not adequately explain the nature of the rights that defendant was purportedly waiving, including that fact that the right was separate and distinct from the rights automatically forfeited upon a plea of guilty (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; cf. People v Lopez, 97 AD3d 853, 853 [2012], lv denied 19 NY3d 1027 [2012]).  Rather, the court's description of the waiver was ambiguous and confusing and, although defendant signed a detailed, written waiver of the right to appeal, the court did not orally confirm that defendant understood that he was foregoing his right to appeal (see People v Bradshaw, 18 NY3d at 265, 267; cf. People v Ramos, 7 NY3d 737, 738 [2006]).  Thus, we agree with defendant that his appeal waiver was invalid (see People v Burgette, 118 AD3d 1034, 1035 [2014]).

Turning to the merits, defendant's pro se assertion that County Court erroneously imposed consecutive sentences upon him is unsupported by the record (cf. People v Borush, 39 AD3d 890, 890 [2007]).  The court expressly indicated that the sentences were concurrent.  Moreover, there is no merit to defendant's argument that his sentence was unlawful because County Court imposed a minimum term that was less than one third of the maximum on his conviction of aggravated driving while intoxicated, a class D felony (see Vehicle and Traffic Law §§ 1192 [2-a] [a]; 1193 [1] [c] [iii]).  Penal Law § 70.00 (3) (b) provides that, for a class D felony, the minimum period "shall not be less than one year or more than one-third of the maximum term imposed" (emphasis added).  Defendant has expressly withdrawn his remaining contentions regarding the involuntariness of his plea and, thus, we do not consider them.

McCarthy, Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court