*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    106281
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                            Respondent,

        v                                      MEMORANDUM AND ORDER

SUSAN J. FILION,
                            Appellant.
_____

Calendar Date:  October 21, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Rebecca L. Fox, Plattsburgh, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Ashley M.
Monette of counsel), for respondent.

                        _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered August 15, 2013, convicting
defendant upon her plea of guilty of the crimes of criminal
possession of a controlled substance in the second degree and
attempted unlawful manufacture of methamphetamine in the third
degree.

        In full satisfaction of a two-count indictment, defendant
pleaded guilty to one count of criminal possession of a
controlled substance in the second degree.  The charge in
question stemmed from defendant's unlawful possession of
methamphetamine on or about September 10, 2012.  Defendant also
waived indictment and, in satisfaction of a superior court
information, pleaded guilty to the reduced charge of attempted

unlawful manufacture of methamphetamine in the third degree stemming from an incident that occurred on or about March 14, 2013. Consistent with the terms of the underlying plea agreement, which included a waiver of the right to appeal, County Court sentenced defendant as a second felony offender to an aggregate prison term of nine years followed by five years of postrelease supervision. Defendant now appeals, contending only that the waiver of the right to appeal was invalid and that the sentence imposed was harsh and excessive.

We affirm. Initially, the People concede — and our review of the record confirms — "that defendant did not knowingly, intelligently and voluntarily waive her right to appeal her conviction and sentence" (People v Cloutier, 120 AD3d 1462, 1463 [2014], lv denied 24 NY3d 1042 [2014]; see People v Larose, 120 AD3d 1442, 1442 n [2014], lv denied 24 NY3d 1045 [2014]). As a result, defendant is not precluded from challenging the perceived severity of her sentence (see People v Cloutier, 120 AD3d at 1463). That said, upon reviewing the record as a whole and taking into account defendant's lengthy criminal history, we cannot say that County Court abused its discretion in imposing sentence, nor do we find any extraordinary circumstances that would warrant a reduction of defendant's sentence in the interest of justice (see People v Cloutier, 120 AD3d at 1463; People v Howard, 111 AD3d 1021, 1021-1022 [2013], lv denied 22 NY3d 1199 [2014]; People v Ladieu, 105 AD3d 1265, 1266 [2013], lv denied 21 NY3d 1017 [2013]). Accordingly, the judgment of conviction is affirmed.

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court