*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 28, 2016                    106891
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

JUSTIN GONZALEZ,
                        Appellant.
_____

Calendar Date:   March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Cliff Gordon, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Hannah
Rose Prall of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered March 5, 2014, convicting defendant
upon his pleas of guilty of the crimes of assault in the first
degree, assault in the second degree, resisting arrest and
criminal mischief in the fourth degree.

        Defendant pleaded guilty to a superior court information
charging him with assault in the second degree, resisting arrest
and criminal mischief in the fourth degree and waived his right
to appeal.  Prior to sentencing, defendant was involved in
another incident and ultimately pleaded guilty to assault in the
first degree and, again, waived his right to appeal.  In
accordance with the plea agreements, County Court sentenced
defendant to concurrent prison terms of seven years followed by

five years of postrelease supervision on each of the assault convictions and one year each on the remaining two misdemeanor convictions, the sentences to run concurrently.  Defendant now appeals.

Initially, we find that defendant's waivers of the right to appeal were invalid.  Although defendant executed detailed written waivers, a review of the record establishes that County Court "did not adequately convey that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty but, rather, improperly lumped those rights together," and the court did not adequately "ensure that defendant understood the content or consequences of the appeal waiver" (People v Williams, 132 AD3d 1155, 1155 [2015] [internal quotation marks and citations omitted]; see People v Mones, 130 AD3d 1244, 1244-1245 [2015]).  As such, defendant's challenge to the severity of the sentences imposed is properly before us for review.  Nonetheless, we find that the agreed-upon sentences are not harsh or excessive as our review of the record does not reveal an abuse of County Court's discretion or any extraordinary circumstances that would warrant a reduction of defendant's sentence in the interest of justice (see People v Filion, 134 AD3d 1244, 1245 [2015]; People v Anderson, 129 AD3d 1385, 1385 [2015], lvs denied 26 NY3d 965 [2015]).[1]

---

[1]  We note that the period of postrelease supervision for defendant's conviction of assault in the second degree, which is a class D violent felony (see Penal Law § 120.05 [3]), shall not be "more than three years whenever a determinate sentence of imprisonment is imposed pursuant to [Penal Law § 70.02 (3)] upon a conviction of a class D . . . violent felony offense" (Penal Law § 70.45 [2] [e]).  However, inasmuch as the five-year period of postrelease supervision imposed in connection with defendant's conviction of assault in the first degree was proper (see Penal Law § 70.45 [2] [f]), and the sentences imposed are to run concurrently, any challenge to the improperly imposed postrelease supervision is academic.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:


Robert D. Mayberger
Clerk of the Court