People v Brewster (2018 NY Slip Op 03395)





People v Brewster


2018 NY Slip Op 03395


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

108397

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHAKAAN BREWSTER, Appellant.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


John Ferrara, Monticello, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 10, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree.
After a search of defendant's apartment reportedly uncovered several guns and drugs, including individually packaged bags of heroin and drug paraphernalia, defendant was charged in eight felony complaints and three informations with various crimes. Pursuant to a negotiated plea agreement that resolved all of the charges and included an appeal waiver, defendant waived indictment and pleaded guilty to criminal possession of a weapon in the second degree and criminal possession of a
controlled substance in the third degree, as charged in a superior court information. The agreement capped defendant's aggregate prison sentence at 10 years with five years of postrelease supervision. County Court thereafter imposed concurrent prison sentences with a maximum aggregate term of eight years, followed by five years of postrelease supervision. Defendant now appeals.
Initially, we are persuaded by defendant's argument that he did not knowingly, intelligently and voluntarily waive his right to appeal. Although defendant executed a detailed, written waiver that included both a waiver of indictment and an appeal waiver, County Court did not explain the nature and consequences of the appeal waiver or advise defendant that the right to appeal is separate and distinct from the rights automatically forfeited upon a guilty plea (see [*2]People v Metayeo, 155 AD3d 1239, 1240 [2017]; People v Musella, 148 AD3d 1465, 1466-1467 [2017], lv denied 29 NY3d 1093 [2017]; People v Ritter, 124 AD3d 1133, 1134 [2015]). In fact, County Court improperly lumped defendant's waiver of his right to appeal with the trial rights that he was forfeiting by pleading guilty (see People v Ortiz, 153 AD3d 1049, 1049 [2017]; People v Gonzalez, 138 AD3d 1353, 1354 [2016]; People v Lowe, 133 AD3d 1099, 1100 [2015]). Moreover, County Court did not verify that defendant had read and understood the written appeal waiver or discussed it with counsel (see People v Thompson, 157 AD3d 1141, 1141 [2018]; People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]). Accordingly, we find the waiver of appeal to be invalid (see People v Gonzalez, 138 AD3d at 1354; People v Ritter, 124 AD3d at 1134).
Inasmuch as he did not make an appropriate postallocution motion to withdraw his plea (see CPL 220.60 [3]), defendant failed to preserve his contention that he did not knowingly, voluntarily and intelligently enter into the guilty plea and his further argument that the plea was factually insufficient (see People v Cook, 150 AD3d 1543, 1544 [2017]; People v O'Neill, 116 AD3d 1240, 1241 [2014]; People v Williams, 102 AD3d 1055, 1056 [2013], lv denied 22 NY3d 1044 [2013]). Moreover, the narrow exception to the preservation rule is inapplicable since defendant did not make any statements during the plea allocution that cast doubt upon his guilt or called the voluntariness of his plea into question (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Davis, 136 AD3d 1220, 1221 [2016], lv denied 27 NY3d 1068 [2016]; People v Ramos, 135 AD3d 1234, 1234-1235 [2016], lv denied 28 NY3d 935 [2016]). Defendant's constitutional challenge to the sentence is similarly unpreserved (see People v Sander, 47 AD3d 1012, 1013 [2008], lv denied 10 NY3d 844 [2008]; People v Burt, 142 AD2d 794, 794 [1988]; People v Peale, 122 AD2d 353, 354 [1986]; see generally People v Beaumont, 299 AD2d 657, 659 [2002], lv denied 99 NY2d 580 [2003]). Therefore, there is no basis to disturb the judgment.
Egan Jr., J.P., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.