People v Moran (2023 NY Slip Op 02033)

People v Moran

2023 NY Slip Op 02033

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

111712 
[*1]The People of the State of New York, Respondent,
v
Andrew Moran, Appellant.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ. 

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Morgan Cosentino of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Warren County (John S. Hall Jr., J.), rendered April 10, 2019, convicting defendant upon his plea of guilty of the crimes of criminal sexual act in the first degree, burglary in the second degree as a sexually motivated felony and burglary in the second degree.
Defendant was charged by indictment with criminal sexual act in the first degree, criminal sexual act in the third degree, burglary in the second degree as a sexually motivated felony and burglary in the second degree, stemming from his sexual assault of a sleeping victim after entering her closed tent at a campground. County Court subsequently dismissed the count of the indictment charging criminal sexual act in the third degree, and defendant later pleaded guilty to the remaining counts of the indictment, with the understanding that the sentence imposed would be at least 7 years but no more than 20 years in prison, to be followed by 20 years of postrelease supervision. Defendant was thereafter sentenced, in accordance with his plea agreement, to 9 years in prison followed by 20 years of postrelease supervision on his conviction of criminal sexual act in the first degree and to lesser concurrent sentences on his remaining convictions. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that the agreed-upon sentence imposed is harsh and excessive. In this regard, defendant contends that he was inebriated at the time of the attack and, thus, that a lesser sentence should have been imposed. The record reflects, however, that defendant acted purposefully when he attacked his victim during the night while she slept and then, upon being discovered, fled on foot before being apprehended by law enforcement several miles away. In view of the egregious nature of defendant's crimes, and mindful that defendant's sentencing exposure was significantly greater than the negotiated terms imposed as part of his plea bargain, we do not find his sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Rivera, 195 AD3d 1249, 1249-1250 [3d Dept 2021]; People v Bice, 100 AD3d 1107, 1107-1108 [3d Dept 2012]).
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.